UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

LUIS A. NUNEZ,                                                                    **DOCKET NO.: CV-18-4249**

                                        Plaintiff,

            - against -

VILLAGE OF ROCKVILLE CENTRE,VILLAGE OF
ROCKVILLE CENTRE POLICE DEPARTMENT, NASSAU
COUNTY, NASSAU COUNTY POLICE DEPARTMENT,
POLICE OFFICER ANTHONY FREDERICO Shield No.                                       **COMPLAINT**
2645, in his individual and official capacity, POLICE OFFICER
JOHN SIRACO, JR., Shield No. 7945, in his individual and
official capacity, POLICE OFFICER JOHN MURPHY,
Shield No. 461, in his individual and official capacity,
SERGEANT MICHAEL DOLAN, Shield No. 8483,
in his individual and official capacity, and DETECTIVE
FRANK A. RUVOLO, Shield No. 7242, in his individual
and official capacity,

                                        Defendants.                               **A JURY TRIAL IS HEREBY
                                                                                   DEMANDED**


----------------------------------------------------------------------X

            Plaintiffs, by their attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON,

as and for their complaint against defendants, respectfully state and allege, upon information and

belief, as follows:

## PRELIMINARY STATEMENT

            1.      This is a civil action for money damages against Defendants VILLAGE OF

ROCKVILLE CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT,

NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER

ANTHONY FREDERICO Shield No. 2645, in his individual and official capacity, POLICE

OFFICER JOHN SIRACO, JR., Shield No. 7945, in his individual and official capacity,  POLICE

OFFICER JOHN MURPHY, Shield No. 461, in his individual and official capacity,

SERGEANT MICHAEL DOLAN, Shield No. 8483, in his individual and official capacity, and

DETECTIVE FRANK A. RUVOLO, Shield No. 7242, in his individual and official capacity, for

committing acts under color of law and depriving Plaintiff of rights secured under 42 U.S.C. § 1983

grounded in rights secured  by the Constitution and laws of the United States and the State of New

York.

2.      Plaintiff alleges that Defendant POLICE OFFICER ANTHONY FREDERICO

engaged in unlawful conduct including assault, battery, false arrest, malicious prosecution, abuse of

process, excessive force, and intentional infliction of emotional distress. All acts committed under

the color of law and depriving Plaintiff of rights secured by the Constitution and laws of the United

States and the State of New York.

3.      Specifically, Plaintiff alleges that Defendant VILLAGE OF ROCKVILLE CENTRE,

VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, NASSAU COUNTY, and the

NASSAU COUNTY POLICE DEPARTMENT first precinct failed to address either the assault or

the abuses that arose from the same that Plaintiff suffered at the hands of POLICE OFFICER

ANTHONY FREDERICO. Plaintiff was wrongfully stopped, threatened, arrested, detained, charged,

abused, falsely accused, and falsely charged with crimes and violations of law, set out to public

ridicule and made to suffer injury to his good name, his personage, his mental state and mind, lose

employment and income without reason, legal basis or justification by VILLAGE OF ROCKVILLE

CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, NASSAU COUNTY,

NASSAU COUNTY POLICE DEPARTMENT first precinct, their agents and employees, including

but not limited to POLICE OFFICER ANTHONY FREDERICO.

-2-

4.      Defendant POLICE OFFICER ANTHONY FREDERICO without probable cause, justification or any reason except an intent to deprive Plaintiff of his rights, and his knowledge that his conduct has the tacit authorization of the VILLAGE OF ROCKVILLE CENTRE and VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, assaulted, falsely arrested, and falsely charged Plaintiff in an effort to cover up the wrongdoing. Said use of unjustified force on Plaintiff deprived him of his civil and constitutional rights.

5.      Plaintiff alleges that VILLAGE OF ROCKVILLE CENTRE is liable for the false arrest, abuse of process and attack on Mr. Nunez by POLICE OFFICER ANTHONY FREDERICO, an employee of Defendant because the VILLAGE OF ROCKVILLE CENTRE has abused, condoned and permitted a pattern of abuse of process of minority persons and has failed to properly investigate such incidents and discipline the officer involved with the result that police officers of the VILLAGE OF ROCKVILLE CENTRE are encouraged to believe that they could violate the rights of persons such as the plaintiff with impunity and that the VILLAGE OF ROCKVILLE CENTRE has and continues to act in violation of individual rights, constituted through their actions and policy.

## JURISDICTION AND VENUE

6.      This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

7.      Venue is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the Eastern District of New York, and all parties reside or are located in Nassau County.

-3-

8.      A Motion to file a late Notice of Claim pursuant to General Municipal Law § 50-e[5] was filed with the Supreme Court of the State of New York, County of Nassau in September 2017. This motion was granted by the Court on or about April 5, 2018. The Court found that the Plaintiff demonstrated a reasonable excuse, that the Defendant acquired actual knowledge of the facts constituting the claim and the Defendant was not prejudiced in maintaining its' defense.

9.      Following the grant of Plaintiff's Motion to file a Late Notice of Claim, a 50-h hearing was conducted by the County on or about the 4th of June 2018.

## PARTIES

10.     Plaintiff, LUIS NUNEZ (hereinafter referred to as "Plaintiff" or "Mr. Nunez") is a Hispanic male and resides in Nassau County, State of New York.

11.     That Defendant VILLAGE OF ROCKVILLE CENTRE (hereinafter referred to as "VILLAGE") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of New York.

12.     Defendant VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT (hereinafter "RCPD") is an agency of the VILLAGE.

13.     The Defendants POLICE OFFICER ANTHONY FREDERICO (hereinafter referred to as "P.O. FREDERICO"), POLICE OFFICER JOHN MURPHY (hereinafter referred to as "P.O. MURPHY"), POLICE OFFICER JOHN SIRACO, JR. (hereinafter referred to as "P.O. SIRACO JR."), and SERGEANT MICHAEL DOLAN (hereinafter referred to as "SGT. DOLAN") were at all times herein mentioned a police officer employed by the VILLAGE and were under the direction of Defendant VILLAGE.

14.     Defendant NASSAU COUNTY (hereinafter referred to as "COUNTY") was and is duly constituted a municipal corporation of the State of New York, and is/was the employer of the Nassau County Police Department first precinct and the Department's Police Officers and County of Nassau District Attorney's Office, and its District Attorneys.

15.     That Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "NCPD") is an agency of COUNTY.

16.     Defendant P.O. FREDERICO was an employee of Defendants RCPD and VILLAGE on August 4, 2016.

17.     That on August 4, 2016, Defendant P.O. FREDERICO was a VILLAGE OF ROCKVILLE CENTRE police officer employed by Defendant VILLAGE and acted as an agent of Defendant RCPD.

18.     Upon information and belief, that at all times hereinafter mentioned and at all time of the commencement of this action, the Defendant P.O. FREDERICO was and is a citizen and resident of the State of New York.

19.     Defendant P.O. MURPHY was an employee of Defendants RCPD and VILLAGE on August 4, 2016.

20.     That on August 4, 2016, Defendant P.O. MURPHY was a VILLAGE OF ROCKVILLE CENTRE police officer employed by Defendant VILLAGE and acted as an agent of Defendant RCPD.

21.     Upon information and belief, that at all times hereinafter mentioned and at all time of the commencement of this action, the Defendant P.O. MURPHY was and is a citizen and resident of the State of New York.

-5-

22.     Defendant P.O. SIRACO, JR. was an employee of Defendants RCPD and VILLAGE on August 4, 2016.

23.     That on August 4, 2016, Defendant P.O. SIRACO, JR. was a VILLAGE OF ROCKVILLE police officer employed by Defendant VILLAGE and acted as an agent of Defendant RCPD.

24.     Upon information and belief, that at all times hereinafter mentioned and at all time of the commencement of this action, the Defendant P.O. SIRACO, JR. was and is a citizen and resident of the State of New York.

25.     Defendant SGT. DOLAN was an employee of Defendants RCPD and VILLAGE on August 4, 2016.

26.     That on August 4, 2016, Defendant SGT. DOLAN was a VILLAGE OF ROCKVILLE sergeant employed by Defendant VILLAGE and acted as an agent of Defendant RCPD.

27.     Upon information and belief, that at all times hereinafter mentioned and at all time of the commencement of this action, the Defendant SGT. DOLAN was and is a citizen and resident of the State of New York.

28.     The Defendant DETECTIVE RUVOLO (hereinafter "DET. RUVOLO") was at all times herein mentioned a detective employed by COUNTY and was under the direction of Defendant COUNTY.

29.     Defendant DET. RUVOLO was an employee of Defendants NCPD and COUNTY on August 4, 2016.

30.     That on August 4, 2016, Defendant DET. RUVOLO was a Nassau County police officer employed by Defendant COUNTY and acted as an agent of Defendant NCPD.

31.     Upon information and belief, that at all times hereinafter mentioned and at all time of the commencement of this action, the Defendant DET. RUVOLO was and is a citizen and resident of the State of New York.

32.     That Defendant VILLAGE was and is the employer of members of the RCPD.

33.     That Defendant COUNTY was and is the employer of members of the NCPD First Precinct.

## FACTUAL BACKGROUND

34.     Plaintiff is a Hispanic-American male and is currently 37 years of age.

35.     On or about August 4, 2016, at approximately 11:30 p.m., Plaintiff was at the intersection of Sunrise Highway and Grand Avenue in Baldwin, New York, Plaintiff was lawfully riding his motorcycle and was stopped at a red light on Sunrise Highway when P.O. Frederico abruptly pulled his Village of Rockville Centre police SUV in front of Plaintiff, nearly striking him.

36.     P.O. FREDERICO emerged from his vehicle with his gun drawn and violently pushed Plaintiff and his motorcycle causing them both to fall to the ground.

37.     After being pushed to the ground, while having a gun pointed at him, Plaintiff put his hands up and was forced by P.O. FREDERICO to lay face down on the roadway and was then subjected to verbal abuse by P.O. FREDERICO as trucks and cars passed dangerously close to him.

38.     As Plaintiff asked P.O. FREDERICO what was going on, Plaintiff was told to "Shut the fuck up" and told by P.O. FREDERICO that he was going to "ruin [his] fucking life." Plaintiff was then handcuffed by P.O FREDERICO and remained laying on the open roadway.

-7-

39.     While Plaintiff was handcuffed and laying on the open roadway as instructed, P.O. FREDERICO was pacing back and forth and stated, "I'm going to make sure that you do not see that bike ever. Fuck you, you tried to run me over." To which Plaintiff replied, "that's a lie."

40.     During the time that Plaintiff remained on the ground at the scene of his wrongful arrest, multiple police officers including but not limited to, P.O. SIRACO, JR. and DET. RUVOLO, came to the scene and some of whom made comments about Plaintiff's wrongful treatment, but none of them took any action to intervene or address the violations which Plaintiff was being subjected to.

41.     A Rockville Centre Police Officer stood Mr. Nunez up from laying on the roadway and asked, "Are you alright? Are you hurt?" Plaintiff is unaware of the name of the police officer that asked him these questions.

42.     Subsequently, one of the Rockville Centre police officers at the scene of Mr. Nunez's wrongful arrest, cut the straps off of his backpack to remove same as Plaintiff stood in handcuffs. This Rockville Centre police officer also removed Mr. Nunez's helmet from his head. Plaintiff is unaware of the name of the Rockville Centre police officer that cut the straps off of his backpack and removed his backpack and helmet from his person. Upon information and belief, Nassau County Detective John Monell assisted in the arrest of Mr. Nunez. Detective Monell was responsible for processing the crime scene and securing photos of P.O. FREDERICO on August 4, 2016.

43.     Two Rockville Centre police officers placed Mr. Nunez in their Village of Rockville Centre police SUV and transported him to RCPD while being followed by P.O. FREDERICO. During the commute, the driving officer, whom we believe to be P.O. SIRACO, JR., said to the officer in the passenger seat, "Fucking Anthony," referring to police officer, Anthony Frederico.

-8-

P.O. SIRACO, JR., a Rockville Centre police officer was responsible for transporting Mr. Nunez to the RCPD. By doing so, P.O. SIRACO, JR. failed to intervene and further contributed to the wrongful arrest and treatment of Mr. Nunez.

44. While at the RCPD, Plaintiff was placed in a holding cell where he was informed by a Village of Rockville Centre police officer that he would be transported to the NCPD by detectives. Plaintiff is unaware of the name of the Rockville Centre police officer that informed him that he would be transported to the first precinct by detectives from the NCPD.

45. Approximately two hours later, two detectives from the NCPD arrived at the RCPD to transport Mr. Nunez to the first precinct. Upon information and belief, one of the Detectives responsible for transporting Mr. Nunez to the first precinct was Detective RUVOLO, a NCPD detective.

46. After arriving at the NCPD first precinct, Mr. Nunez was placed in a holding cell while handcuffed. Shortly thereafter, P.O. FREDERICO, a Village of Rockville Centre police officer, arrived at the first precinct. When P.O. FREDERICO entered the first precinct, he gave his gun to a police officer from the first precinct and signed a log book. While in the first precinct, P.O. FREDERICO taunted Mr. Nunez and boasted to NCPD officers at the first precinct about how he "took" Plaintiff "down," like he was hunting a wild animal.

47. Mr. Nunez was then falsely charged with several violations of law, including the Felony crime of Assault on a police officer, all of which were total fabrications and Plaintiff was falsely accused of other crimes and infractions.

48. Plaintiff was arraigned on or about August 5, 2016 at which time bail was set at $25,000. Plaintiff was jailed for approximately seven (7) days and eventually was able to meet the

bail obligation and was released under bail conditions.

49.     Plaintiff was required to attend court proceedings and the charges were continued, including notices for the matter to be presented to the Grand Jury of Nassau County to seek an indictment for felony charges. P.O. FREDERICO signed a Felony Complaint swearing to those charges.

50.     During that time, the Assistant District Attorney attempted to convince Plaintiff and his attorney that the arresting officer was an P.O. MURPHY and not P.O. FREDERICO. All along, Plaintiff's attorney and he informed the District Attorney of his innocence and that Plaintiff was the victim in this case and that P.O. FREDERICO violated his rights.

51.     P.O. MURPHY provided a fabricated Supporting Deposition/Bill of Particulars where he swore that said document was filled out by "The Undersigned Complainant, upon direct knowledge unless otherwise specified..." P.O. MURPHY falsely signed the Supporting Deposition/Bill of Particulars as the Issuing/Arresting Officer despite his awareness that P.O. FREDERICO was in fact the arresting officer.

52.     Upon information and belief, SGT. DOLAN contributed to the fabricated evidence by applying his signature to the Supporting Deposition/Bill of Particulars and by filling out the Police Accident Report when he knew or should have known that the statements contained in both documents were false.

53.     Upon information and belief, DET. RUVOLO assisted the Nassau County District Attorney in her collection of evidence by obtaining the red light camera located at the scene of the incident at the intersection of Sunrise Highway and Grand Avenue in Baldwin, New York.

-10-

54.     After the passage of over a year and numerous demands that Plaintiff plead guilty to the crimes, which Plaintiff refused to do, on August 14, 2017, the District Attorney dismissed all charges against Plaintiff.

55.     Plaintiff sustained multiple injuries including, but not limited to, physical injury, mental anguish, mental pain and suffering, false arrest, malicious prosecution, violation of civil rights, loss of freedom, loss of liberty, unequal treatment, loss of comfort, denial of access to equal rights, extreme mental stress, loss of security in his person, psychological damages, damage to his name and reputation, humiliation, embarrassment, and restriction on his free choice and liberty, loss of income, loss of employment, monetary damages, special damages, costs/fees/expenses, and related damages incurred by and on behalf of Plaintiff for the recklessness, carelessness, gross negligence, negligence, intentional conduct, malicious conduct, violation of civil rights, and unlawful and abusive conduct of the agents, servants, officers, employees and/or representatives of the Defendants VILLAGE, RCPD, COUNTY, NCPD, including but not limited to, P.O. FREDERICO, P.O. SIRACO, JR., P.O. MURPHY, SGT. DOLAN and DET. RUVOLO.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983
### FALSE ARREST

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55 of this complaint with the same force and effect as though fully set forth herein.

57.     On or about August 4, 2016 at about 11:30 p.m. Plaintiff was placed in fear of his life, falsely seized, falsely detained and falsely arrested by Defendants.

-11-

58. On or about August 4, 2016, Plaintiff was placed in fear of his life, falsely seized, falsely detained and falsely arrested and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

59. On or about August 4, 2016, Plaintiff was taken to the NCPD while handcuffed and placed in a holding cell. While in the holding cell at the first precinct, P.O. FREDERICO, a Village of Rockville Centre police officer, taunted Plaintiff and boasted to other Nassau County police officers of how he "took" Plaintiff "down," like he was hunting a wild animal.

60. Upon information and belief, such seizure, arrest and detention was ordered and was carried out by Defendant P.O. FREDERICO.

61. P.O. SIRACO, JR. from Village of Rockville Centre Police Department failed to take any action to prevent the unlawful behavior of Defendant P.O. FREDERICO.

62. DET. RUVOLO from Nassau County Police Department First Precinct failed to take any action to prevent the unlawful behavior of Defendant P.O. FREDERICO.

63. Police Officers from RCPD, were present in or around the intersection of Sunrise Highway and Grand Avenue in Baldwin, New York and participated in the unlawful detention of Plaintiff and the unlawful seizure of his property.

64. Police Officers from NCPD, were present in or around the intersection of Sunrise Highway and Grand Avenue in Baldwin, New York and participated in the unlawful detention of Plaintiff and the unlawful seizure of his property.

65. Upon information and belief, such seizure, arrest, detention, and assault was ordered, condoned and authorized by Defendant P.O. FREDERICO, RCPD, NCPD, VILLAGE and COUNTY, with a callous, deliberate indifference to Plaintiff's known constitutional rights.

-12-

66.     As a result of the false arrest, detention, and accusations, Defendant P.O. FREDERICO and Defendant RCPD  took an active role in creating and manufacturing the allegations made against Plaintiff due to P.O. FREDERICO'S blatant bias against minorities.

67.     As part of the false arrest, detention, and accusations Defendant P.O. FREDERICO, caused Plaintiff to be seized, arrested, and held in a dangerous, compromising position for an unreasonable amount of time without probable cause and caused Mr. Nunez to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

68.     Defendant P.O. FREDERICO knew at the time of Plaintiff's arrest, and at all times since then, that he was not in possession of any evidence consistent with and sufficient to establish Plaintiff's guilt and was based solely, or in part, on P.O. FREDERICO'S discriminatory and violative actions due to his apparent ill-will toward minorities such as Mr. Nunez.

69.     Each of the Defendants acting under color of law, acted separately and in concert and without authorization of law. Each of the Defendants, separately and in concert with each other, acted willfully, knowingly and purposely with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment. In addition, the Defendants acted in an effort to cover up P.O. FREDERICO'S unjustifiable actions. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection Clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

70.    P.O. FREDERICO falsely arrested, falsely imprisoned, abused, detained, coerced, threatened, intimidated and interrogated Plaintiff, and further denied Plaintiff his right to be free from unreasonable search and seizure. P.O. FREDERICO knew or should have known that he was violating laws of the State of New York and those statutory and constitutional rights set forth herein which caused harm to Plaintiff.

71.    As a direct and proximate result of the aforesaid acts of the Defendant P.O. FREDERICO, Plaintiff suffered great physical harm, mental anguish and violations of his rights from then until now and he will continue to suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendant P.O. FREDERICO.

72.    Plaintiff was forced to incur great expense due to the filing of this complaint, for attorney's fees, investigation expenses, and other expenses in clearing his name against unfounded and unwarranted allegations by the Defendants, which have been a serious burden on Plaintiff.

73.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

74.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983
### MALICIOUS PROSECUTION

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 74 of this complaint with the same force and effect as though fully set forth herein.

76.     Defendants maliciously caused a criminal proceeding to be commenced against Plaintiff without reasonable and probable cause.  Defendants P.O. FREDERICO including but not limited to, P.O. SIRACO, JR.  and DET. RUVOLO actively instigated and encouraged the baseless prosecution of the Plaintiff on Felony Assault charges and other crimes and infractions.

77.     Plaintiff was indicted based upon P.O. FREDERICO'S malicious and false statements before the Grand Jury and false documents. As a result of this baseless prosecution and abuse of process, Plaintiff was falsely detained for seven (7) days, wrongfully arrested, maliciously prosecuted along with other wrongful acts conducted against him. The criminal proceeding was eventually terminated in August of 2017 in favor of Plaintiff.

78.     The false detainment, wrongful arrest, malicious prosecution and other wrongful acts conducted against the Plaintiff by the Defendant, P.O. FREDERICO constituted unreasonable and excessive force, as well as abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights. The Collective Defendants negligently and recklessly breached their duty under the United States Constitution to prevent the commission of the civil rights violations perpetrated against Mr. Nunez, including violations of 42 U.S.C. § 1983  and substantive and procedural due process infractions.

79.     Said baseless prosecution and abuse of process was continued by COUNTY and VILLAGE'S refusal to adequately investigate and properly discipline Defendant P.O. FREDERICO for his actions against the Plaintiff, Luis A. Nunez.   Specifically, the Nassau County District Attorney's Office failed to investigate and  verify the veracity of the Plaintiff and his attorney's claim that Plaintiff was treated wrongfully by P.O. FREDERICO and that the charges filed against Plaintiff were entirely fabricated. Despite the evidence obtained by DET. RUVOLO which corroborated Plaintiff and his attorney's claim, such evidence being the red light camera obtained from the scene of the incident and the blatant lack of any probable cause for wrongly stopping, detaining and arresting, prosecuting and imprisoning Mr. Nunez.

80.     The continued action taken by the Defendants P.O. FREDERICO to prosecute, persecute and  fully inconvenience the Plaintiff with false criminal charges is an abuse of process, in that using the courts and judicial process to persecute, intimidate, inconvenience and further damage the Plaintiff, despite no significant evidence for prosecuting the baseless charges of Felony Assault and other crimes and infractions was a complete absence of reasonable or probable cause.

81.     As a result of said baseless prosecution and abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, lost of employment, and other expenses incurred in the attempt to clear the Plaintiff  from these false and maliciously imposed criminal charges.

82.     As a result of said baseless prosecution and abuse of process, Plaintiff was subjected to a highly substantial and identifiable interference with his person, property and business based upon his arrest on August 4, 2016 and his unlawful detention for approximately seven (7) days. In

-16-

addition, at his arraignment, an outrageous bail amount was sought and an amount of $25,000 was set as another attempt by Defendants to compromise Plaintiff's liberty. Furthermore, Plaintiff's liberty was continuously compromised as a result of the continued baseless prosecution of this matter for up to one year and he was subjected to significant burden and humiliation by being the subject target of an indictment submitted to the Grand Jury by the Defendants in this action.

83.    As a further result of said baseless prosecution and abuse of process, Plaintiff was forced to incur legal expenses in order to defend himself against these frivolous charges, baseless prosecution and abuse of process.

84.    As a further result of said baseless prosecution and abuse of process, Plaintiff was caused to lose temporary possession of his 2014 Suzuki motorcycle when it was impounded as a result of the false arrest, abuse of process and malicious prosecution, forcing Plaintiff and his wife to incur expenses in the amount of approximately $5,000.00 (Five Thousand Dollars) in order to regain possession of the vehicle from All County Towing and Recovery in Freeport, New York.

85.    As a further result of said baseless prosecution and abuse of process, Plaintiff was caused to suffer an expense of over $25,000.00 (Twenty-five Thousand Dollars) as fees associated with the posting of the bond for Plaintiff's release from custody after being falsely arrested on August 4, 2016 in addition to, the attorney's fees associated with defending his criminal matter.

86.    Following Plaintiff's arrest and arraignment, P.O. FREDERICO maintained communication with the Assistant District Attorney and expressed that he was not amenable to Plaintiff being offered a misdemeanor with only 60 days of possible jail time. P.O. FREDERICO was only willing to consider a misdemeanor offer if Mr. Nunez was facing a longer jail sentence. Upon information and belief, this was P.O. FREDERICO'S attempt to keep his promise that he made

-17-

to Plaintiff on or about August 4, 2016, when he stated, "I am going to ruin [your] fucking life."

87.     In an attempt to protect P.O. FREDERICO from liability, the Assistant District
Attorney tried to convince Plaintiff and his attorney that the arresting officer was P.O. MURPHY
and not P.O. FREDERICO. Upon information and belief, this was a deliberate attempt on behalf of
the Nassau County District Attorney's Office to prosecute Mr. Nunez, despite being put on notice
by Plaintiff and his attorney that Mr. Nunez was the victim in this case and that the charges against
him were fabricated by P.O. FREDERICO.

88.     P.O. MURPHY took on the responsibility of filling out the Supporting
Deposition/Bill of Particulars based on the false accusations and statements made by P.O.
FREDERICO. Moreover, P.O. MURPHY signed the Supporting Deposition/Bill of Particulars
claiming that he was the Issuing/Arresting Officer despite his awareness that P.O. FREDERICO was
in fact the arresting officer. This was a blatant attempt by P.O. MURPHY to conceal the wrongdoing
of P.O. FREDERICO, which further contributed to the false and malicious prosecution of Mr.
Nunez.

89.     SGT. DOLAN contributed to the false and malicious prosecution of Plaintiff as well
by applying his signature to the Supporting Deposition/Bill of Particulars as the reviewing desk
officer. SGT. DOLAN had reason to know or should have known that the statements within the
Supporting Deposition/Bill of Particulars were false and that P.O. MURPHY was not the arresting
officer in this case. In addition, the Police Accident Report that was filled out by SGT. DOLAN
contained false statements that he knew and should have known were false.

90.     P.O. MURPHY further contributed to the false and malicious prosecution of Mr.
Nunez by including meritless charges in the Supporting Deposition/Bill of Particulars which were

inconsistent with the arrest and crime report.

91.     Upon information and belief, such falsified charges, seizure, arrest, detention, and assault was ordered, condoned and authorized by Defendant RCPD, NCPD, COUNTY and VILLAGE, with a callous, deliberate indifference to Plaintiff's known constitutional rights.

92.     The COUNTY and Defendants SGT. DOLAN, P.O. MURPHY and P.O. FREDERICO individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on Defendants' discriminatory and violative actions due to bias toward minority persons like Mr. Nunez.

93.     Each of the Defendants acting under color of law, acted separately and in concert and without authorization of law. Each of the Defendants, separately and in concert with each other, acted willfully, knowingly and purposely with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment. All of these rights are secured to Plaintiff by the provisions of the Due Process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

94.     In falsely arresting, falsely imprisoning, abusing, detaining, coercing, threatening, intimidating and interrogating Plaintiff, and denying Plaintiff the right to be free from unreasonable search and seizure from the Defendants, each Defendant knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein caused harm to Plaintiff.

-19-

95.     As a direct and proximate result of the aforesaid acts of the Defendants, Plaintiff suffered great physical harm, mental anguish and violations of rights from then until now and he will continue to suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

96.     Plaintiff was forced to incur great expense due to the filing of this complaint, for attorney's fees, investigation expenses, and other expenses in clearing his name against unfounded and unwarranted allegations by the Defendants, which have been a serious burden on Plaintiff.

97.     As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

98.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983
### UNREASONABLE AND EXCESSIVE USE OF FORCE

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 98 of this complaint with the same force and effect as though fully set forth herein.

100.    On or about August 4, 2016 at about 11:30 p.m. Plaintiff was subjected to excessive and unreasonable force and unlawful search and seizure at the hands of P.O. FREDERICO.

101.    On or about August 4, 2016, while being detained, Plaintiff was subjected to unnecessary verbal abuse by P.O. FREDERICO, which was demeaning in nature.

102.    On or about August 4, 2016, prior to being detained, Defendant P.O. FREDERICO carelessly pulled his Village of Rockville Centre police SUV in front of Plaintiff, nearly striking him.

103.    On or about August 4, 2016, prior to being detained, Defendant P.O. FREDERICO emerged from his vehicle with his gun drawn and forcefully pushed both Plaintiff and his motorcycle to the ground. Upon information and belief, P.O. FREDERICO conducted this act to put Plaintiff in fear for his life.

104.    On or about August 4, 2016, after being pushed to the ground and while having Defendant P.O. FREDERICO'S gun pointed at him, Plaintiff put his hands up and was forced to lay face down on the roadway as trucks and cars passed dangerously close to his person and when Plaintiff asked what was going on, he was told by P.O. FREDERICO to "Shut the fuck up," and that he was going to "ruin [his] fucking life." Upon information and belief all of these acts of abuse put Plaintiff in fear for his safety and life, as well as intimidating and humiliating him.

105.    Each of the Defendants acting under color of law, acted separately and in concert and without authorization of law. Each of the Defendants, separately and in concert with each other, acted willfully, knowingly and purposely with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

-21-

106.    In falsely arresting, falsely imprisoning, abusing, detaining, coercing, threatening, intimidating and interrogating Plaintiff, and denying Plaintiff the right to be free from unreasonable search and seizure from the Defendants, each Defendant knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein caused harm to Plaintiff.

107.    As a direct and proximate result of the aforesaid acts of the Defendants, Plaintiff suffered great physical harm, mental anguish and violations of rights from then until now and he will continue to suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

108.    Plaintiff was forced to incur great expense due to the filing of this complaint, for attorney's fees, investigation expenses, and other expenses in clearing his name against unfounded and unwarranted allegations by the Defendants, which have been a serious burden on Plaintiff.

109.    As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

110.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983
### ABUSE OF PROCESS

111. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 110 of this Complaint with the same force and effect as though fully set forth herein.

112. The Collective Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff. Said criminal complaint was made by the aforementioned Collective Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

113. The false criminal complaint lodged by Collective Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

114. Defendants VILLAGE, RCPD, COUNTY, and NCPD did not file said criminal complaint as a result of actual knowledge that a crime was committed, determined through investigation and/or a simple rudimentary search, which was available to Defendants.

115. Instead, the Collective Defendants, including but not limited to, P.O. FREDERICO filed said false criminal complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause.

116. Collective Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Collective Defendants abused the criminal justice system in falsely arresting, falsely charging, and falsely prosecuting Mr. Nunez in an attempt to satisfy their personal goals of covering up their fellow officer, P.O. FREDERICO'S wrongdoing and to further their own purposes of

-23-

exercising their privilege for their own warped sense of power. P.O. FREDERICO wanted to "ruin" Mr. Nunez's life as he threatened.

117.    The Collective Defendant's motive for subjecting Plaintiff to false criminal process included but was not limited to, a cover-up of their wrong doings by filing documents that contained false information provided by P.O. FREDERICO. These falsified documents included the police report, the crime report, the accident report and the Supporting Deposition/Bill of Particulars filled out by police officers from RCPD and NCPD. These falsified documents were used by Defendants to concoct a total of eleven false charges against Plaintiff including the Felony assault on a police officer.

118.    P.O. FREDERICO falsified charges against Mr. Nunez in an effort to ensure that Plaintiff would be convicted and would not be able to pursue his rights in court for his false arrest. According to the File Evaluation-Plea Offer provided to defense counsel by the Assigned District Attorney, "P.O. Frederico is not amenable to a misdemeanor offer with only 60 days jail, possibly amenable to misdemeanor if much more jail time." Upon information and belief this was a blatant attempt by P.O. FREDERICO to ensure that Mr. Nunez would spend time in jail despite the officers knowledge of Plaintiff's innocense.

119.    Defendant P.O. FREDERICO'S clear intention was to use the criminal justice system to cause harm to Plaintiff without proper motive, excuse or justification of any kind.

120.    Defendants use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process.

121.    The Defendants, VILLAGE and COUNTY had knowledge of the inaccuracy and/or falsity of the criminal complaint made by Defendant P.O. FREDERICO, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff.

122.    The subsequent false arrest and malicious prosecution of Plaintiff was done by Collective Defendants with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

123.    Defendant P.O. FREDERICO did not initiate the arrest and prosecution of Plaintiff as a result actual knowledge that a crime was committed. The red light camera video that was obtained by DET. RUVOLO contradicts the falsely sworn statements given by P.O. FREDERICO, which led to Plaintiff's wrongful prosecution.

124.    P.O. FREDERICO'S clear intention was to falsely arrest, and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

125.    The Collective Defendants did nothing to stop P.O. FREDERICO in his use of the criminal process for the aforementioned improper purpose which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants).

126.    In an attempt to protect P.O. FREDERICO from liability, the Assistant District Attorney tried to convince Plaintiff and his attorney that the arresting officer was P.O. MURPHY and not P.O. FREDERICO. Upon information and belief, this was a deliberate attempt on behalf of the Nassau County District Attorney's Office to prosecute Mr. Nunez, despite being put on notice

by Plaintiff and his attorney that Mr. Nunez was the victim in this case and that the charges alleged by P.O. FREDERICO were entirely false.

127.   P.O. MURPHY took on the responsibility of filling out the Supporting Deposition/Bill of Particulars based on the false accusations and statements made by P.O. FREDERICO. Moreover, P.O. MURPHY falsely signed the Supporting Deposition/Bill of Particulars claiming that he was the Issuing/Arresting Officer despite his awareness that P.O. FREDERICO was in fact the arresting officer. This was a blatant attempt by P.O. MURPHY to conceal the wrongdoing of P.O. FREDERICO, which further contributed to the false and malicious prosecution of Mr. Nunez.

128.   SGT. DOLAN contributed to the false and malicious prosecution of Plaintiff as well by applying his signature to the Supporting Deposition/Bill of Particulars as the reviewing desk officer. SGT. DOLAN had reason to know or should have known that the statements within the Supporting Deposition were false and that P.O. MURPHY was not the arresting officer. In addition, the Police Accident Report that was filled out by SGT. DOLAN contained false statements that he knew and should have known were false.

129.   P.O. MURPHY contributed to the false and malicious prosecution of Mr. Nunez by including meritless charges in the Supporting Deposition/Bill of Particulars which were inconsistent with the arrest and crime report.

130.   As a direct consequence of the actions of P.O. FREDERICO, acting in furtherance of his duty as an agent of VILLAGE, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

-26-

131.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

132.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**AS AND FOR A FIFTH COUNT**
**42 U.S.C. § 1983**
**FAILURE TO INTERVENE**

133.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 132 of this Complaint with the same force and effect as though fully set forth herein.

134.    The Collective Defendants  knew or should have known that the false accusations, detainment, false arrest, seizure of property and excessive force used violated the Plaintiff's rights guaranteed to him under the First, Fourth, Fifth and Fourteenth Amendment and 42 U.S.C. § 1983.

135.    Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, seizure of property and excessive force against Plaintiff , yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

136.    Specifically, P.O. SIRACO, JR. had the opportunity and responsibility to prevent the wrongful detainment, and abuse of process against Plaintiff because P.O. SIRACO, JR. was put

on notice of the wrongful actions of P.O. FREDERICO at the scene of the incident.

137.    The Collective Defendants had the power to prevent the continued due process violations against Plaintiff, yet failed to prevent or dismiss the fabricated charges against the Plaintiff, or to protect the Plaintiff from the unwarranted penalties that follow from the charges against him.

138.    As a direct consequence of the actions of Defendant P.O. FREDERICO, P.O. SIRACO, JR. and DET. RUVOLO acting in furtherance of their duties as agents of VILLAGE and COUNTY, Plaintiff suffered injuries, including but not limited to, temporary loss of employment, stigmatization, embarrassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

139.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

140.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH COUNT
## 42 U.S.C. § 1983
## FABRICATION OF EVIDENCE

141.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 140 of this Compliant with the same force and effect as fully set forth herein.

142.    Defendants P.O. FREDERICO and DET. RUVOLO fabricated evidence against Plaintiff to deprive Plaintiff, a Hispanic male, of his First, Fourth, Fifth and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully charge Plaintiff with crimes and other infractions that he did not commit.

143.    Upon information and belief, the Defendants further deprived the Plaintiff of his due process rights specifically, by falsifying facts in the Felony Complaint filed against Mr. Nunez. In said Felony Complaint, which was prepared by DET. RUVOLO and signed by P.O. FREDERICO, it states that P.O. FREDERICO is a member of the Nassau County Police Department with Shield No. 432. This is false information because in actuality, P.O. FREDERICO is a member of the Village of Rockville Centre Police Department and his Shield No. is 2645.

144.    Upon information and belief, Defendants P.O. FREDERICO and DET. RUVOLO were acting in their personal interests, wholly and separately from the Defendants VILLAGE and COUNTY. P.O. FREDERICO and DET. RUVOLO'S actions were taken separate and apart from their duties to arrest and prosecute suspected criminals and not to arrest and prosecute the innocent.

145.    In an effort to cover-up their wrongdoing, P.O. FREDERICO and DET. RUVOLO falsified information within the Felony Complaint, which was the basis of the malicious prosecution of Mr. Nunez. Specifically, the complaint states the following false information:

> "Luis. A. Nunez did intentionally cause physical injury to your deponent who was attempting to facilitate a motor vehicle infraction stop involving the defendant operating his motorcycle."
> "The defendant, while attempting to avoid being stopped by the deponent in a marked police vehicle, did physically back up the motorcycle, a 2014 Suzuki, NY reg#30SS33 color blue, and then drove the motorcycle in the direction of and into the officer to evade capture."

"Once your deponent was struck, the deponent pushed the operator and motorcycle over with two hands causing the defendant and the motorcycle to fall to the ground."

146.   All of the above factual allegations prepared by DET. RUVOLO and affirmed by P.O. FREDERICO are false. These false allegations led to the false arrest of Plaintiff, Plaintiff being accused of crimes which he did not commit, and Plaintiff's false prosecution. The falsity of these allegations was evidenced by the dismissal of all charges filed against Plaintiff on or about August 14, 2017.

147.   In an attempt to protect P.O. FREDERICO from liability, the Assistant District Attorney tried to convince Plaintiff and his attorney that the arresting officer was P.O. MURPHY and not P.O. FREDERICO. Upon information and belief, this was a deliberate attempt on behalf of the Nassau County District Attorney's Office to prosecute Mr. Nunez, despite being put on notice by Plaintiff and his attorney that Mr. Nunez was the victim in this case and that the charges alleged by P.O. FREDERICO were entirely fabricated.

148.   P.O. MURPHY took on the responsibility of filling out the Supporting Deposition/Bill of Particulars based on the false accusations and statements made by P.O. FREDERICO. Moreover, P.O. MURPHY falsely signed the Supporting Deposition/Bill of Particulars claiming that he was the Issuing/Arresting Officer despite his awareness that P.O. FREDERICO was in fact the arresting officer. This was a blatant attempt by P.O. MURPHY to conceal the wrongdoing of P.O. FREDERICO, which further contributed to the false and malicious prosecution of Mr. Nunez.

149.   SGT. DOLAN contributed to the false and malicious prosecution of Plaintiff as well by applying his signature to the Supporting Deposition/Bill of Particulars as the reviewing desk

-30-

officer. SGT. DOLAN had reason to know or should have known that the statements within the Supporting Deposition/Bill of Particulars were false and that P.O. MURPHY was not the arresting officer. In addition, the Police Accident Report that was filled out by SGT. DOLAN contained false statements that he knew and should have known were false.

150.    P.O. MURPHY contributed to the malicious and false prosecution of Mr. Nunez by including meritless and fabricated charges in the Supporting Deposition/Bill of Particulars which displayed an obvious inconsistency with the crime and arrest report.

151.    The actions by the Collective Defendants denied Plaintiff his due process rights. These rights are guaranteed to the Plaintiff under 42 U.S.C. § 1983, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

152.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

153.    The Collective Defendants knew or should have known that the wrongful detainment, false arrest, wrongful imprisonment and excessive force used on Mr. Nunez violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. § 1983.

154.    The Collective Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment and excessive force used on the Plaintiff by P.O. FREDERICO, yet these Defendants neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in

-31-

fact occur.

155.     The Collective Defendants knew or should have known that the fabricated accusations against, and excessive force used on Mr. Nunez were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to the unfair treatment that he suffered at the hands of P.O. FREDERICO, in violation of the Plaintiff's fundamental rights under the Constitution.

156.     As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

157.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SEVENTH COUNT
### ASSAULT AND BATTERY (PENDENT STATE CLAIM)

158.     That Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 157 of this complaint, with the same force and effect as though fully set forth herein.

159.     During all times mentioned herein, P.O. FREDERICO engaged in the illegal conduct that injured Plaintiff and further deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourteenth Amendment of the Constitution of the United States, the laws of the United

States and the laws of the State of New York, as pendant claims.

160.    On August 4, 2016, P.O. FREDERICO accosted Plaintiff and assaulted him without any justification, provocation or assaultive gestures on Plaintiffs part and despite the fact that Mr. Nunez had committed no crime or broken any law, that he was charged with, P.O. FREDERICO detained and arrested Mr. Nunez without probable cause.

161.    P.O. FREDERICO, did cause physical injuries and harm to Plaintiff by violently pushing Plaintiff and his motorcycle to the ground, while having his gun pointed at Plaintiff, and forcing Plaintiff to lay face down on the roadway while trucks and cars passed dangerously close to him.

162.    The Plaintiff did not in any way provoke or instigate such attack, and did not create any threat of harm to P.O. FREDERICO or any other RCPD and NCPD officer present at the scene of the incident.

163.    Although P.O. FREDERICO acted contrary to the law, the Defendants continued their shocking and unjustified conduct by conspiring and contriving with each other on said criminal charges against Plaintiff and by placing Plaintiff in custody.

164.    Upon information and belief, said physical abuse and punishment were ordered by, carried out by, and condoned by VILLAGE and COUNTY, their agents and employees, who were acting within the course or scope of their employment.

165.    That as a result of said assault, false arrest, and physical abuse, Mr. Nunez sustained damages and injuries, including but not limited to, personal injuries to his body, violation of his civil rights, loss of income, permanent damage to his reputation and standing in the community, loss of comfort, extreme mental and emotional harm and stress, and impairment of earning power.

166.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

167.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A EIGHTH COUNT
## FALSE IMPRISONMENT (PENDENT STATE CLAIM)

168.    The Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 167 of this Complaint, with the same force and effect as though fully set forth herein.

169.    On or about the 4th day of August 2016 in the County of Nassau, P.O. FREDERICO, maliciously and deliberately, with force, detained and arrested Mr. Nunez without any probable or reasonable cause and without any warrant or other legal process. Therefore and thereupon maliciously with wanton and reckless disregard for his life, assaulted Plaintiff and forced him to lay face down on a roadway with ongoing traffic passing dangerously close to him. Thereafter, Mr. Nunez was detained for an unreasonable length of time against Plaintiff's will and without his consent.

170.    Plaintiff was detained for an unreasonable period of time as a result of said false arrest. Plaintiff's bail was set at an unreasonable amount of $25,000 and he was jailed for

approximately seven (7) days.

171.    P.O. FREDERICO engaged in the above mentioned actions without probable cause in that they did not honestly, reasonably and in good faith believe Plaintiff was guilty of any crimes.

172.    P.O. FREDERICO acted maliciously in assaulting, threatening, arresting, and detaining Mr. Nunez, all against his will in that P.O. FREDERICO desired to harm Mr. Nunez.

173.    As a result of the foregoing, Plaintiff has suffered injury to his good name and reputation and has suffered great mental and bodily distress during his false imprisonment and afterwards, all to his damage.

174.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

175.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A NINTH COUNT
## FALSE ARREST (PENDENT STATE CLAIM)

176.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 175 of this Complaint, with the same force and effect as though fully set forth herein.

177.    On or about the 4th day of August 2016, in the County of Nassau, P.O. FREDERICO, intentionally, falsely, unlawfully and wrongfully, with force and without Plaintiff's consent and against his will, assaulted, falsely arrested and falsely imprisoned Plaintiff by detaining him, which deprived Plaintiff of his liberty for an unreasonable amount of time.

178.    The false arrest, false imprisonment, assault, battery, excessive and unreasonable use of force, illegal transportation, and violation of plaintiff's civil rights were brought about and caused by the actions of P.O. FREDERICO and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

179.    Defendant P.O. FREDERICO abused the criminal justice process by fabricating evidence in an attempt to cover up his own wrongful acts and to further deprive Mr. Nunez of his Constitutional Right to due process.

180.    The Collective Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff. Said criminal complaint was made by the aforementioned Collective Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

181.    The false criminal complaint lodged by Collective Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

182.    By reason of the above, and in particular said false arrest, Plaintiff's reputation has been greatly injured and he has been brought into public scandal and disgrace, and has been greatly hindered and prevented from following and transacting his affairs and business, and has suffered great emotional trauma and harm, all to his damage.

183. As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

184. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A TENTH COUNT
## ABUSE OF PROCESS (PENDENT STATE CLAIM)

185. Plaintiff, repeats reiterates and realleges each and every allegation contained in paragraphs 1 through 184 of this Complaint, with the same force and effect as though fully set forth herein.

186. Defendants' accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff and were clearly the improper exercise of the police power, the resources of government, as well as an abuse of process.

187. The false arrest, false imprisonment, assault, battery, excessive and unreasonable use of force, illegal transportation, and violation of plaintiff's civil rights were brought about and caused by the actions of P.O. FREDERICO and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

188.     Defendant P.O. FREDERICO abused the criminal justice process by fabricating evidence in an attempt to cover up his own wrongful acts and to further deprive Mr. Nunez of his Constitutional Right to due process.

189.     The Collective Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff. Said criminal complaint was made by the aforementioned Collective Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

190.     The false criminal complaint lodged by Collective Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

191.     Defendants VILLAGE, RCPD, COUNTY, and NCPD did not file said criminal complaint as a result of actual knowledge that a crime was committed, determined through investigation and/or a simple rudimentary search, which was available to Defendants.

192.     Instead, the Collective Defendants, including but not limited to, P.O. FREDERICO filed said false criminal complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause.

193.     In an attempt to protect P.O. FREDERICO from liability, the Assistant District Attorney tried to convince Plaintiff and his attorney that the arresting officer was P.O. MURPHY and not P.O. FREDERICO. Upon information and belief, this was a deliberate attempt on behalf of the Nassau County District Attorney's Office to prosecute Mr. Nunez, despite being put on notice by Plaintiff and his attorney that Mr. Nunez was the victim in this case and that the charges alleged by P.O. FREDERICO were fabricated.

194.    P.O. MURPHY was responsible for filling out the Supporting Deposition/Bill of Particulars based on the false accusations and statements made by P.O. FREDERICO. Moreover, P.O. MURPHY falsely signed the Supporting Deposition/Bill of Particulars claiming that he was the Issuing/Arresting Officer despite his awareness that P.O. FREDERICO was in fact the arresting officer. This was a blatant attempt by P.O. MURPHY to conceal the wrongdoing of P.O. FREDERICO, which further contributed to the false and malicious prosecution of Mr. Nunez.

195.    SGT. DOLAN contributed to the false and malicious prosecution of Plaintiff as well by applying his signature to the Supporting Deposition/Bill of Particulars as the reviewing desk officer. SGT. DOLAN had reason to know or should have known that the statements within the Supporting Deposition/Bill of Particulars were false and that P.O. MURPHY was not the arresting officer. In addition, the Police Accident Report that was filled out by SGT. DOLAN contained false statements that he knew and should have known were false.

196.    P.O. MURPHY contributed to the false malicious prosecution of Mr. Nunez by including meritless and fabricated charges to the Supporting Deposition/Bill of Particulars which were inconsistent with the arrest and crime report.

197.    The Collective Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Collective Defendants abused the criminal justice system in falsely arresting, falsely charging, and falsely prosecuting Mr. Nunez in an attempt to satisfy their personal goals of covering up their fellow officer, P.O. FREDERICO'S wrongdoing and to further their own personal agendas of exercising their privilege for their own warped sense of power. P.O. FREDERICO wanted to "ruin" Mr. Nunez's life as he threatened and P.O. FREDERICO made every attempt to keep his word.

198.    The Collective Defendant's motive for subjecting Plaintiff to false criminal process included but was not limited to, a cover-up of their wrong doings by filing documents that contained false information provided by P.O. FREDERICO. These falsified documents included the police report, the crime report, the accident report and the Supporting Deposition/Bill of Particulars filled out by police officers from RCPD and NCPD. These falsified documents were used by Defendants to concoct a total of eleven false charges against Plaintiff including the Felony assault on a police officer.

199.    P.O. FREDERICO falsified charges against Mr. Nunez in an effort to ensure that Plaintiff would be convicted and would not be able to pursue his rights in court for his false arrest. According to the File Evaluation-Plea Offer provided to defense counsel by the Assigned District Attorney, "P.O. Frederico is not amenable to a misdemeanor offer with only 60 days jail, possibly amenable to misdemeanor if much more jail time." Upon information and belief, this was a blatant attempt by P.O. FREDERICO to ensure that Mr. Nunez would spend time in jail despite the officers knowledge of Plaintiff's innocense.

200.    The Defendants clear intentions was to use the criminal justice system to cause harm to Plaintiff without proper motive, excuse or justification of any kind.

201.    Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process.

202.    The Defendants, VILLAGE and COUNTY had knowledge of the inaccuracy and/or falsity of said criminal complaint made by Defendant P.O. FREDERICO, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed,

said false, inaccurate, and/or misleading criminal complaint against Plaintiff.

203.    The subsequent false arrest and malicious prosecution of Plaintiff was done by Collective Defendants with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

204.    Defendant P.O. FREDERICO did not initiate the arrest and prosecution of Plaintiff as a result actual knowledge that a crime was committed. The red light camera video that was obtained by DET. RUVOLO contradicts the falsely sworn statements given by P.O. FREDERICO, which led to Plaintiff's wrongful prosecution.

205.    P.O. FREDERICO'S clear intention was to falsely arrest, and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

206.    The Collective Defendants did nothing to stop P.O. FREDERICO in his use of the criminal process for the aforementioned improper purpose which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants).

207.    As a direct consequence of the actions of P.O. FREDERICO, acting in furtherance of his duty as an agent of VILLAGE, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

208.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damage,

attorney's fees, incidental fees/costs, loss of property and other financial impairments.

209.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A ELEVENTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (PENDENT STATE CLAIM)

210.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 209 of this Complaint with the same force and effect as though fully set forth herein.

211.      The Collective Defendants acted outrageously for their above-stated roles in the wrongful stop, detainment, false arrest, prolonged captivity, intimidation and public humiliation of Mr. Nunez.

212.     It was extreme and outrageous for P.O. FREDERICO to emerge from his Village of Rockville Centre police SUV with his gun drawn and pointed at Mr. Nunez.

213.     Similarly, it was extreme and outrageous for P.O. FREDERICO to push Mr. Nunez and his motorcycle to the ground and to force Mr. Nunez to lay face down on the roadway while cars and trucks passed dangerously close to him.

214.     Moreover, it was extreme and outrageous for P.O. FREDERICO to put Mr. Nunez in fear for his safety and life by threatening to "ruin [his] fucking life."

215.     Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by VILLAGE, RCPD, COUNTY, NCPD, P.O. FREDERICO, P.O. SIRACO, JR.

and DET. RUVOLO to be without basis, yet prosecuted Plaintiff with the intention of causing extreme harm and duress to the Plaintiff.

216.    Specifically, P.O. FREDERICO knew that his conduct would cause severe, extreme and outrageous emotional harm to Plaintiff.

217.    As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

218.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A TWELFTH COUNT
## NEGLIGENCE (PENDENT STATE CLAIM)

219.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 218 of this Complaint with the same force and effect as though fully set forth herein.

220.    Defendants VILLAGE, RCPD, COUNTY, NCPD had a duty under 42 U.S.C. § 1983, as well as under the Fourth, Fifth, Eighth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to investigate,

supervise and discipline P.O. FREDERICO and prevent other wrongful acts that were committed against Plaintiff.

221.    In actively inflicting and failing to prevent the above stated abuses incurred by Mr. Nunez, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, detained custody and arrest without Miranda warnings, and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. § 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution.

222.    The breach of duty under 42 U.S.C. § 1983 by Defendants VILLAGE, RCPD, COUNTY, NCPD, P.O. FREDERICO, P.O. SIRACO, JR. and DET. RUVOLO was a direct and proximate cause of the harm suffered by Mr. Nunez. Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage.

223.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

224.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

-44-

WHEREFORE, the Plaintiff demands judgement against the Defendants:

a)      On the First Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

b)      On the Second Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

c)      On the Third Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

d)      On the Fourth Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

e)      On the Fifth Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

f)      On the Sixth Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

g)      On the Seventh Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

h)      On the Eighth Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

i)      On the Ninth Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

j)      On the Tenth Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

k)      On the Eleventh Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

l)      On the Twelfth Cause of Action in the sum in excess of Three Million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

m)      Attorney's fees and costs, pursuant to 42 U.S.C. § 1988.

n)      Declaratory Judgment that defendants willfully violated Plaintiff's rights secured by federal and state law as alleged herein.

o)      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws.

p)      Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees; referral of this matter by the Court to the U.S. Justice Department and order to that Body to charge P.O. FREDERICO.

Dated: July 26, 2018
        Hempstead, New York

                        Respectfully submitted,
                        THE LAW OFFICES OF
                        FREDERICK K. BREWINGTON

                By:     FREDERICK K. BREWINGTON
                        Attorneys for Plaintiffs
                        556 Peninsula Boulevard
                        Hempstead, New York  11550
                        (516) 489-6959