# HAMMILL, O'BRIEN, CROUTIER, DEMPSEY, PENDER & KOEHLER, P.C.

6851 Jericho Turnpike, Suite 250
Syosset, NY 11791
(516) 746-0707
Fax (516) 677-5475
wjc@hocd.com

William J. Croutier, Jr.
Wade T. Dempsey
Michael J. Pender
Richard C. Koehler
Paul D. Lawless

Anton Piotroski *
Rebecca J. Moulton
Patricia Donohoe †
Robert J. Faderl †

Of Counsel
William J. Croutier, Sr.
Merrill B. Gugerty

* Admitted in NY and FL
† Admitted in NY and NJ

November 8, 2019

Honorable Steven I. Locke
United States Magistrate Judge
United States District Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Luis Nunez v. Village of Rockville Centre and Village of Rockville Centre Police Department, et al*
18-CV-4249
Our File No. 45-0136US

Dear Judge Locke:

Please be advised that we are now in receipt of a Decision and Order from the Supreme Court, State of New York, Appellate Division, Second Department, dated October 30, 2019, a copy of which is enclosed herewith for your review and file.

The Decision addresses the late Notice of Claim that was served in this matter with respect to the State Law Claims and has dismissed those claims with the exception of the claim of malicious prosecution.

We are in the process of serving this Order on all parties and have provided a copy of the Decision and Order to this Court for your information and file.

Very truly yours,

HAMMILL, O'BRIEN, CROUTIER,
DEMPSEY, PENDER & KOEHLER, P.C.

William J. Croutier, Jr.

WJC:am
Enclosure

cc: William Nolan, Esq.
1103 Stewart Avenue – Suite 200
Garden City, NY 11530

Pablo A. Fernandez, Esq.
Office of the County Attorney
County of Nassau
One West Street
Mineola, NY 11501

Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, NY 11550

\_\_\_\_\_AD3d\_\_\_\_\_

Argued - March 19, 2019

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.

2018-06425

DECISION & ORDER

In the Matter of Luis A. Nunez, respondent,
v Village of Rockville Centre, et al., appellants.

(Index No. 609551/17)

Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski and Michael Pender of counsel), for appellants.

Frederick K. Brewington, Hempstead, NY, for respondent.

In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the Village of Rockville Centre and the Village of Rockville Centre Police Department appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated April 5, 2018. The order granted the petition.

ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging violations of federal civil and constitutional rights pursuant to 42 USC § 1983, and substituting therefor a provision denying that branch of the petition as unnecessary, and (2) by deleting the provision thereof granting those branches of the petition which were for leave to serve a late notice of claim with respect to the state law claims, other than the claim of malicious prosecution, and substituting therefor a provision denying those branches of the petition; as so modified, the order is affirmed, with costs to the Village of Rockville Centre and the Village of Rockville Centre Police Department.

The petitioner was arrested on August 4, 2016, and charged with, inter alia, assault in the second degree. While operating his motorcycle, the petitioner allegedly struck a Village of Rockville Centre Police Department police officer, who had purportedly stopped the petitioner for

numerous violations of the Vehicle and Traffic Law. The petitioner was held in custody for approximately one week. During the pendency of the criminal charges, the petitioner had counsel to represent him. On August 14, 2017, the charges against him were dismissed.

By order to show cause filed September 20, 2017, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Village of Rockville Centre and the Village of Rockville Centre Police Department (hereinafter together the Village), alleging, inter alia, state law claims of discrimination, false arrest, malicious prosecution, abuse of process, excessive force, failure to intervene, denial of access to the courts, intimidation, and intentional infliction of emotional distress, as well as violations of federal civil and constitutional rights. The petition with the proposed notice of claim were served upon the Village on October 11, 2017. The Supreme Court granted the petition. The Village appeals.

Prior to commencing an action sounding in tort against a municipality or public corporation, General Municipal Law § 50-e requires that a notice of claim be served upon the municipality or public corporation within 90 days of the date that the claim arises (*see* General Municipal Law § 50-e[1][a]; *Matter of Zaid v City of New York*, 87 AD3d 661, 662). To grant a petition for leave to serve a late notice of claim, the court must consider whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality or public corporation in maintaining its defense (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 461; *N.F. v City of New York*, 161 AD3d 1046, 1047; *Matter of Benjamin v Nassau Health Care Corp.*, 138 AD3d 988, 988-989).

Here, that branch of the petition which was for leave to serve a late notice of claim to assert, pursuant to 42 USC § 1983, violations of the petitioner's federal civil and constitutional rights should have been denied as unnecessary (*see Matter of Nicholson v City of New York*, 166 AD3d 979, 979; *Matter of Royes v City of New York*, 136 AD3d 1042, 1044). Such a claim is not subject to the New York State statutory notice of claim requirement (*see Felder v Casey*, 487 US 131, 153; *Matter of Nicholson v City of New York*, 166 AD3d at 979; *Meyer v County of Suffolk*, 90 AD3d 720, 722).

We agree with the Supreme Court's determination to grant that branch of the petition which was for leave to serve a late notice of claim to assert a state law claim of malicious prosecution against the Village. The claim of malicious prosecution did not accrue until August 14, 2017, when the charges against the petitioner were dismissed by the Nassau County District Court (*see Williams v CVS Pharmacy, Inc.*, 126 AD3d 890, 891; *Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7, 9). Thus, the notice of claim that was served with the petition on October 11, 2017, was timely with respect to the state malicious prosecution claim (*see Matter of Royes v City of New York*, 136 AD3d at 1044; *Matter of Ragland v New York City Hous. Auth.*, 201 AD2d at 9).

The Supreme Court, however, improvidently exercised its discretion in granting those branches of the petition which were for leave to serve a late notice of claim alleging the remaining state law claims. The petitioner's explanation that the counsel who represented him during the

criminal proceeding did not advise him of the notice of claim requirement and that he did not learn of the requirement until July 2017 when he retained his current attorney to represent him in a potential civil action did not constitute a reasonable excuse for his failure to timely serve the Village with a notice of claim for the remaining state law claims (*see Matter of Islam v City of New York*, 164 AD3d 672, 674). The petitioner's ignorance of the law does not constitute a reasonable excuse (*see Matter of Bhargava v City of New York*, 130 AD3d 819, 820). Moreover, the petitioner's assertion that he knowingly delayed commencing any action against the Village while the criminal charges were pending due to unsubstantiated claims of fear and intimidation does not constitute a reasonable excuse (*see Matter of Ruiz v City of New York*, 154 AD3d 945, 947; *see also Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544).

Our dissenting colleague suggests that the petitioner's claims of fear and intimidation were substantiated due to the arresting police officer's conduct during the events leading up to the petitioner's arrest and the petitioner's discussions with the Nassau County District Attorney's Office during the criminal prosecution. Although the police officer's alleged explicit language and threats during the arrest are of concern if true, there are no allegations that the police officer and the petitioner had any interaction after the date of the petitioner's arrest. The petitioner offers no precedent that supports his contention that fear and intimidation can support a claim of a reasonable excuse for failing to timely serve a late notice of claim under the circumstances presented here (*see Matter of Ruiz v City of New York*, 154 AD3d at 946-947).

The petitioner did not establish that the Village acquired actual knowledge of the essential facts constituting the remaining state law claims within 90 days after they arose or a reasonable time thereafter. "Generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim" (*Caselli v City of New York*, 105 AD2d 251, 255). "[F]or a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation" (*Matter of Fethallah v New York City Police Dept.*, 150 AD3d 998, 1000 [internal quotaiton marks omitted]). Here, the involvement of a Village police officer in arresting the petitioner did not, without more, establish that the Village acquired actual knowledge of the essential facts constituting the petitioner's remaining state law claims within 90 days following their accrual or a reasonable time thereafter (*see Matter of Islam v City of New York*, 164 AD3d at 674; *Matter of Ruiz v City of New York*, 154 AD3d at 946; *Matter of Fethallah v New York City Police Dept.*, 150 AD3d at 1000). Nor did the contents of a police accident report prepared by a Nassau County Police Department (hereinafter NCPD) police officer from the First Precinct, which indicated that the petitioner's motorcycle struck the Village police officer while the officer was effectuating an arrest, provide the Village with actual notice of the petitioner's state law claims, inter alia, of false arrest (*see Matter of Cruz v Transdev Servs., Inc.*, 160 AD3d 729, 731; *Matter of Klass v City of New York*, 103 AD3d 800, 801; *Caselli v City of New York*, 105 AD2d at 255).

The reports and other documentation prepared by the NCPD and the Nassau County District Attorney's Office cannot be imputed to the Village (*see Matter of Johnson v County of Suffolk*, 167 AD3d 742, 745). The fact that the NCPD and the Nassau County District Attorney's Office investigated the alleged assault upon a Village police officer does not establish that the

Village acquired actual knowledge of any wrongdoing on its part (*see Facey v City of New York*, 150 AD3d 826, 827; *Matter of Lenoir v New York City Hous. Auth.*, 240 AD2d 497, 498; *Matter of Plantin v New York City Hous. Auth.*, 203 AD2d 579, 580). Moreover, the contents of the reports and other documentation submitted by the petitioner did not support a ready inference that the Village committed a potentially actionable wrong (*see Matter of Johnson v County of Suffolk*, 167 AD3d at 745; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770). Although our dissenting colleague makes reference to the existence of certain surveillance videos referenced in the file notes of the Nassau County District Attorney's Office, the record does not contain such videos, and the file notes do not indicate that any videos were provided to the Village or what the videos depicted. Thus, a finding or even an inference of the Village's actual knowledge of the alleged wrongdoing on the part of its police officer is, at best, implausible and speculative.

While the petitioner satisfied his initial burden of showing a lack of substantial prejudice to the Village as a result of his late notice, and the Village failed to make a "particularized evidentiary showing" of substantial prejudice in response (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 467; *see Matter of Kumar v Dormitory Auth. of the State of N.Y.*, 150 AD3d 1117, 1118), the presence or absence of any one factor is not necessarily determinative in deciding whether permission to serve a late notice of claim should be granted (*see Matter of Kumar v Dormitory Auth. of the State of N.Y.*, 150 AD3d at 1118; *Matter of Jaffier v City of New York*, 148 AD3d 1021). However, the most important of the factors is whether the municipality or public corporation acquired actual knowledge of the essential facts (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147-148), and here, the Village did not. Consequently, a balancing of the relevant factors (*see* General Municipal Law § 50-e[5]) demonstrates that the Supreme Court improvidently exercised its discretion in granting the petition with respect to the remaining state law claims (*see Matter of McClancy v Plainedge Union Free Sch. Dist.*, 153 AD3d 1413, 1415-1416; *see also Matter of Rosenblatt v New York City Health & Hosps. Corp.*, 149 AD3d 961, 963).

Any references in the petitioner's brief to events occurring subsequent to the date of the order appealed from are not properly before this Court and have not been considered (*see Colella v GEICO Gen. Ins. Co.*, 164 AD3d 745, 747; *Wilson v Wilson*, 21 AD3d 548, 549).

The Village's remaining contentions either are without merit or need not be reached in light of our determination.

DILLON, J.P., BALKIN and AUSTIN, JJ., concur.

BARROS, J., concurs in part and dissents in part, and votes to modify the order, on the law, by deleting the provision thereof granting that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging violations of federal civil and constitutional rights pursuant to 42 USC § 1983, and substituting therefor a provision denying that branch of the petition as unnecessary, and, as so modified, to affirm the order, with the following memorandum:

In his notice of claim, the petitioner alleges that on August 4, 2016, he was riding his motorcycle and was stopped at a red light. Police Officer Anthony Federico allegedly turned his

police sport utility vehicle (hereinafter SUV) in front of the petitioner's motorcycle, nearly striking the petitioner. Officer Federico then emerged from his SUV with his gun drawn. He allegedly pushed the petitioner, which caused the petitioner and the motorcycle to fall to the ground. Officer Federico allegedly instructed the petitioner to "shut the fuck up" and threatened to "ruin [his] fucking life." The petitioner was directed to stay on the ground in an area close to passing vehicles. The petitioner alleges that police officers arriving on the scene commented about Officer Federico's wrongful treatment of the petitioner, but did not intervene. After his arrest, the petitioner was brought to a holding cell. There, Officer Federico allegedly taunted the petitioner in front of other police officers by boasting about how he "took" the petitioner "down."

Thereafter, the petitioner was charged with various Vehicle and Traffic Law violations and, most significantly, a charge of assault in the second degree (Penal Law 120.05[3]), a class D felony which exposed the petitioner to a determinate term of imprisonment of between two and seven years (*see* Penal Law 70.02). At arraignment, the petitioner pleaded not guilty. He was held in custody for approximately one week until he was able to make a $25,000 bail. On August 14, 2017, the Nassau County District Court dismissed all of the charges on the ground that the petitioner was deprived of his right to a speedy trial.

On September 20, 2017, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Village of Rockville Centre and the Village of Rockville Centre Police Department (hereinafter together the Village), alleging various causes of action, including false arrest. The Supreme Court granted the petition, and the Village appeals.

In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, *but not limited to*, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 460-461; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539). The presence or absence of any factor is not determinative (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 467; *Matter of City of New York v County of Nassau*, 146 AD3d 948, 950; *Matter of Hubbard v County of Madison*, 71 AD3d 1313; *Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 509). "[D]epending upon the particular facts of each case, the weight to be given to any one factor may be lesser or greater" (*Matter of Hubbard v County of Madison*, 71 AD3d at 1316). The merits of a claim ordinarily are not considered on a motion for leave to serve a late notice of claim (*see Williams v Gonzalez*, 113 AD3d 757; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d 683; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134).

Actual Knowledge

"In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on

which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of D'Agostino v City of New York*, 146 AD3d 880, 880-881 [internal quotation marks omitted]; *see Williams v Nassau County Med. Ctr.*, 6 NY3d at 537). For reports to provide actual knowledge of the essential facts, "'one must be able to readily infer from that report that a potentially actionable wrong had been committed'" (*Matter of Fethallah v New York City Police Dept.*, 150 AD3d 998, 1000, quoting *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770).

By definition, a false arrest is an arrest without consent and without the lawful privilege of a warrant (*see Smith v County of Nassau*, 34 NY2d 18, 22-23; *see also Martinez v City of Schenectady*, 97 NY2d 78, 85; *Broughton v State of New York*, 37 NY2d 451, 458). Where an arrest is "effected without a warrant, a presumption arises that [the arrest is] unlawful, and the burden of proving justification, including 'reasonable cause,' is cast upon the defendant" (*Smith v County of Nassau*, 34 NY2d at 23). "As a matter of pleading *the defendant* has the burden of proving legal justification as an affirmative defense and the defendant will be precluded from introducing such evidence under a general denial" (*Broughton v State of New York*, 37 NY2d at 458 [emphasis added]).

Here, the petitioner established that the Nassau County District Attorney's Office and the Nassau County Police Department (hereinafter NCPD) possessed in their files a copy of a surveillance video of the subject arrest. The records of the NCPD also contain a detailed written description of Officer Federico's version of the events leading up to and during his warrantless arrest of the petitioner. The petitioner also submitted the file of the Nassau County District Attorney's Office showing that the facts and circumstances of the arrest were investigated by that Office by, among other things, reviewing the surveillance video and interviewing Officer Federico. Given the foregoing, the Village acquired timely actual knowledge of the facts underlying the petitioner's claim of false arrest, especially since its own employee, Officer Federico, engaged in the execution of the alleged false arrest which gave rise to the claim (*see Matter of Mitchell v City of New York*, 134 AD3d 941, 942 [the respondent "acquired timely, actual knowledge of the essential facts constituting the claim, as its agents were involved not only in executing the . . . false arrest, but also in generating the allegedly false information on which the petitioner's arrest was based"]; *Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d 820, 821; *Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7, 11 ["A factor of considerable significance in this regard arises when it is the acts of the police which give rise to the very claim set forth in the proposed notice"]; *McKenna v City of New York*, 154 AD2d 655).

While the "mere alleged existence of police reports and other records, without evidence of their content, is insufficient to impute actual knowledge to the respondents" (*Matter of Fethallah v New York City Police Dept.*, 150 AD3d at 1000; *see Matter of Hamilton v City of New York*, 145 AD3d 784), here, the petitioner submitted the contents of the records themselves, which established that an investigation was conducted by the NCPD and the Nassau County District Attorney's Office as to the facts and circumstances of the petitioner's arrest.

Given the contents of the records and the involvement of Officer Federico in the conduct giving rise to the claim, the Supreme Court providently exercised its discretion by imputing

knowledge of the claim to the Village (*see N.F. v City of New York*, 161 AD3d 1046; *Matter of Jaffier v City of New York*, 148 AD3d 1021, 1023; *Matter of Mitchell v City of New York*, 134 AD3d 941, 942; *Nunez v City of New York*, 307 AD2d 218, 220; *Grullon v City of New York*, 222 AD2d 257, 258; *Matter of Ragland v New York City Hous. Auth.*, 201 AD2d at 11; *Matter of Santana v City of New York*, 183 AD2d 665, 666; *Tatum v City of New York*, 161 AD2d 580, 581; *McKenna v City of New York*, 154 AD2d 655).

Substantial Prejudice

The petitioner has the initial burden of showing that the late notice will not substantially prejudice the municipality or public corporation (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 466). "Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*id.*) Once this initial showing has been made, the municipality or public corporation must respond "with a particularized evidentiary showing" that it will be substantially prejudiced if the late notice is allowed (*id.* at 467).

"Since the reason for the early filing of a notice of claim is to permit the public corporation to conduct a prompt investigation into the facts and circumstances giving rise to the claim, the existence of reports in its own files concerning those facts and circumstances is the functional equivalent of an investigation" (*Matter of Ragland v New York City Hous. Auth.*, 201 AD2d at 11; *see Tatum v City of New York*, 161 AD2d at 581; *see also Nunez v City of New York*, 307 AD2d 218; *Matter of Santana v City of New York*, 183 AD2d at 666). Given the investigations of the NCPD and the Nassau County District Attorney's Office into the circumstances of the arrest, as well as the existence of a video surveillance recording of the subject arrest, the petitioner met his burden of showing that the late notice will not substantially prejudice the Village.

In response, the Village failed to make *any* showing of prejudice if the late notice is allowed (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 467).

Reasonable Excuse

In his verified petition, the petitioner explained that he did not timely serve a notice of claim because, among other reasons, he was in a "state of fear" during the pendency of the criminal proceeding due to Officer Federico's threat that he would "ruin" the petitioner's life. The petitioner averred that, when Officer Federico first approached him, the officer had his gun drawn and threatened, "I'm going to . . . shoot you." The petitioner averred, "The whole time [Officer Federico] was with me he was out of control. If he could bring these charges and get me locked up for seven days, I was beside myself about what else he would do to ruin my life. Based on how I was treated and my fear of what had occurred to me I feared for my safety and did not want the police or the District Attorney to misconstrue or twist any of my statements and use them against me as part of the false criminal charges that were being leveled against me."

Although this Court has recognized that "an *unsubstantiated* fear of reprisal" is not a sufficient excuse for failing to timely serve a notice of claim (*Matter of Ruiz v City of New York*,

154 AD3d 945, 947 [emphasis added]), here, the petitioner's excuse is substantiated by, among other things, the petitioner's verified petition in which he averred that Officer Federico expressly threatened to "ruin [his] . . . life." Additionally, the investigatory records of the Nassau County District Attorney's Office document that Officer Federico informed the District Attorney that he "would like to see" the petitioner held to a felony and "serve time"; that Officer Federico was "not amenable" to the District Attorney's recommendation to offer the petitioner a plea to a misdemeanor with only 60 days of jail; and that Officer Federico was possibly "amenable to" a plea offer to a misdemeanor if the petitioner received "much more" jail time than 60 days (*see Doukas v East Meadow Union Free School Dist.*, 187 AD2d 552, 553; *but see Lawton v Town of Orchard Park*, 138 AD3d 1428). In opposition to the petition, the Village did not submit any evidence rebutting the petitioner's averment that Officer Federico threatened to ruin his life.

Given Officer Federico's purported threat, that Officer Federico was the complainant, and that Officer Federico was given significant control over plea negotiations, it was reasonable for the petitioner to believe that serving a notice of claim while the criminal charges were still pending would further antagonize Officer Federico against him, and jeopardize the outcome of the criminal proceeding. Accordingly, the Supreme Court providently exercised its discretion in finding the petitioner's excuse reasonable.

In sum, the petitioner submitted an abundance of evidence, including police and District Attorney files, showing that knowledge of the essential facts constituting the false arrest claim should be imputed to the Village, and that the Village would not be substantially prejudiced in its defense of the petitioner's false arrest claim. The police and District Attorney files not only contain Officer Federico's description of the facts and circumstances of the alleged false arrest, i.e., a warrantless arrest without the petitioner's consent, but also document the existence of a surveillance video recording the arrest. The petitioner submitted his verified petition demonstrating a reasonable excuse for failing to timely serve a notice of claim. Weighing the above factors, it "cannot be said that the Supreme Court improvidently exercised its well-recognized discretion" in granting that branch of the petition which was for leave to serve a late notice of claim with respect to a cause of action alleging false arrest (*Matter of Ruiz v City of New York*, 154 AD3d at 947). For the same reasons set forth herein, the court providently exercised its discretion in granting those branches of the petition which were for leave to serve a late notice of claim with respect to the remaining state law causes of action, which, likewise, accrued on the date of the arrest.

I agree with my colleagues in the majority regarding those branches of the petition which were for leave to serve a late notice of claim with respect to the claims alleging malicious prosecution and violations of federal civil and constitutional rights pursuant to 42 USC § 1983.

Accordingly, I vote to modify the order granting the petition.

ENTER:

Aprilanne Agostino
Clerk of the Court

*Williams v. CVS Pharmacy, Inc.*, 126 A.D.3d 890, 6 N.Y.S.3d 78 (2nd Dept., 2015)
The one-year statute of limitations applicable to a cause of action for malicious prosecution (see CPLR 215 [3]) does not begin to run until favorable termination of the underlying criminal proceeding" (see [also] *Martinez v City of Schenectady*, 97 NY2d 78, 84, 761 NE2d 560, 735 NYS2d 868 [2001].

*Martinez v. City of Schenectady*, 97 N.Y.2d 78, 735 N.Y.S.2d 868 (2001)
To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice (*Broughton v State of New York*, 37 NY2d 451, 457, cert denied sub nom. *Schanbarger v Kellogg*, 423 US 929 [1975]).

*Matter of Royes v. City of New York*, 136 A.D.3d 1042, 25 N.Y.S.3d 368 (2nd Dept., 2016)
The Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim alleging claims based on New York State law, other than the claim for malicious prosecution. The original notice of claim, dated February 9, 2011, provided the City with the essential facts constituting the claim of malicious prosecution, and that notice of claim was timely served with respect to a claim of malicious prosecution.

*Ragland v. New York City Hous. Auth.*, 201 A.D.2d 7, 613 N.Y.S.2d 937 (2nd Dept., 1994)
The cause of action sounding in malicious prosecution did not accrue until November 7, 1991, when the charges were dismissed by the Criminal Court

*Matter of Rivera v. City of New York*, 88 A.D.3d 1004, 931 N.Y.S.2d 400 (2nd Dept., 2011)
On August 27, 2010, the charges against Rosangela were dismissed. On August 30, 2010, the petitioners filed separate notices of claim upon the respondents alleging, inter alia, claims of false arrest, false imprisonment, and malicious prosecution. Rosangela's notice of claim was timely with respect to her malicious prosecution claim (see Matter of Ragland v New York City Hous. Auth., 201 AD2d 7, 9, 613 NYS2d 937 [1994]).