# EXHIBIT A

THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Cathryn Harris-Marchesi
Tricia S. Lindsay
Julissa M. Proaño

Oscar Holt III
Of Counsel

November 8, 2019

**BY ELECTRONIC MAIL ONLY:**
Pablo A. Fernandez, Esq.
Deputy County Attorney
Office of the Nassau County Attorney
One West Street Mineola,
New York 11501

  **Re:   *Nunez v. Village of Rockville Centre, et.al.*
       *Docket No.: CV-18-4249 (DRH)(SIL)*

Dear Mr. Fernandez:

    We have carefully examined your Supplemental Document Disclosures dated October 18, 2019 and find them deficient on one particular level. Specifically, multiple documents from the Nassau County District Attorney's Office have been redacted. Not only are such redactions contrary to Rule 26, 34 and the general tenor of the rules of discovery, but what is concerning here, is the fact that a "privilege log" has not been provided by Defendants for this non-disclosure. This too is contrary to the Federal Rules and Local Rules.

    Please review your redacted documents bate stamped #'s NCAO-000132, 000133, 000137, 000140, 000141, 000151-000161, 000164, 000165, 000168, 000170, 000172, 000176-000183, 000187, 000190, 000191, 000192, 000197, 000198, 000202, 000204, 000205, 000209-000212, 000216, 000220, 000222, 000224, 000227, 000230, 000232, 000234-000270, 000273, 000274, 000276-000286, 000288, 000290, 000292-000334, 000337-000340, 000348, 000351, 000355, 000357, 000360, 000363, 000366-000368, 000371, 000374-000376, 000379, 000380, 000390-000395, 000397-000399, 000404, 000406, 000408, 000409, 000411, 000413, 000415, 000417-000419, 000421-000424, 000428, 000431-000444, 000448-000467, 000470, 000471, 000475-000511, 000513-000519, 000522-000534, 000536, 000539-000549, 000551-000553, 000555, 000556, 000563, 000565, 000566, 000577, 000578, 000583, 000584, 000587, 000589, 000591, 000593, 000600-000604, 000608-000610, 000613, 000626-000670, 000674-000677, 000681, 000685, 000689, 000692, 000695-000701, 000703, 000705, 000707-709,

Pablo A. Fernandez, Esq.
November 8, 2019
Page 2

000712, 000713, 000719-000723, 000725, 000727, 000732, 000734-000766, 000770, 000772-000774.

As to these pages of documents, we demand that you immediately provide each of these pages in unredacted form. We ask that you please address this matter within 7 days of receiving this letter or we will have no choice but to file a motion to compel and seek the Court's intervention.

Thank you for your cooperation.

Sincerely,

FREDERICK K. BREWINGTON

cc:     William P. Nolan, Esq.
        1103 Stewart Avenue, Suite 200
        Garden City, New York 11530

        William J. Croutier, Jr., Esq.
        Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C.
        6851 Jericho Turnpike, Suite 250
        Syosset, New York 11791

FKB.gd

# EXHIBIT B

# PRIVILEGE LOG

## NUNEZ VS. ROCKVILLE CENTRE, et al

### December 31, 2019

| # | BATES # | SUBJECT | PRIVILEGE ASSERTED |
|---|---------|---------|--------------------|
| 1 | NCAO 000137-000144 | Pre-Indictment Offer Form | Material prepared in anticipation of litigation, attorney-client privilege, attorney work product, law enforcement privilege, deliberative process privilege, NY Civil Rights Law §50-a and Public Officer's Law §87 |
| 2 | NCAO 000174-000175 | Departmental Criminal Dismissal Memo | Attorney-client privilege, attorney work product, law enforcement privilege, deliberative process privilege, NY Civil Rights Law §50-a and Public Officer's Law §87 |
| 3 | NCAO 000187-000194 | Pre-Indictment Offer Form | Material prepared in anticipation of litigation, attorney-client privilege, attorney work product, law enforcement privilege, deliberative process privilege, NY Civil Rights Law §50-a and Public Officer's Law §87 |
| 4 | NCAO 0000240-0000257 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |
| 5 | NCAO 0000276-0000279 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |
| 6 | NCAO 0000293-0000333 | Police Officer's Medical Records | HIPAA |
| 7 | NCAO 0000337-0000340 | Police Officer's Medical Records | HIPAA |
| 8 | NCAO 0000376 | Grand Jury Worksheet | Material prepared in anticipation of litigation, attorney-client privilege, attorney work product, law enforcement privilege, deliberative process privilege, NY Civil Rights Law §50-a and Public Officer's Law §87, NY Criminal Procedure Law §190.25(4)(a) |
| 9 | NCAO | Grand Jury Docket | Material prepared in anticipation of litigation, attorney-client privilege, attorney work |

1

| # | BATES # | SUBJECT | PRIVILEGE ASSERTED |
|---|---|---|---|
| | 0000390 | Sheet | product, law enforcement privilege, deliberative process privilege, NY Civil Rights Law §50-a and Public Officer's Law §87, NY Criminal Procedure Law §190.25(4)(a) |
| 10 | NCAO 0000431-0000444 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |
| 11 | NCAO 0000475-0000511 | Police Officer's Medical Records | HIPAA |
| 12 | NCAO 0000513-0000519 | Police Officer's Medical Records | HIPAA |
| 13 | NCAO 0000540-0000544 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |
| 14 | NCAO 0000546-0000547 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |
| 15 | NCAO 0000555-0000556 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |
| 16 | NCAO 0000577-0000578 | Departmental Criminal Dismissal Memo | Material prepared in anticipation of litigation, attorney-client privilege, attorney work product, law enforcement privilege, deliberative process privilege, NY Civil Rights Law §50-a and Public Officer's Law §87 |
| 17 | NCAO 0000626-0000670 | Police Officer's Medical Records | HIPAA |
| 18 | NCAO 0000709-000713 | Pre-Indictment Offer Form | Material prepared in anticipation of litigation, attorney-client privilege, attorney work product, law enforcement privilege, deliberative process privilege, NY Civil Rights Law §50-a and Public Officer's Law §87 |
| 19 | NCAO 0000734-0000751 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |

| # | BATES # | SUBJECT | PRIVILEGE ASSERTED |
|---|---------|---------|---------------------|
| 20 | NCAO 0000772-0000774 | New York State ID Reports | The Nassau County District Attorney's Office asserts this privilege due to a contractual obligation with New York State not to produce |

# EXHIBIT C

RECEIVED

SEP - 6 2019

LAW OFFICES OF
FREDERICK K. BREWINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

LUIS A. NUNEZ,

                           Plaintiff,

            -against-

VILLAGE OF ROCKVILLE CENTRE, VILLAGE
OF ROCKVILLE CENTRE POLICE
DEPARTMENT, NASSAU COUNTY, NASSAU
COUNTY POLICE DEPARTMENT, POLICE
OFFICER ANTHONY FEDERICO, Shield No.
2645, in his individual and official capacity,
POLICE OFFICER JOHN SIRACO, JR., Shield
No. 7945, in his individual and official capacity,
POLICE OFFICER JOHN MURPHY, Shield No.
461, in his individual and official capacity,
SERGEANT MICHAEL DOLAN, Shield No.
8483, in his individual and official capacity, and
DETECTIVE FRANK A. RUVOLO, Shield No.
7242, in his individual and official capacity,

                          Defendants.

----------------------------------------------------------------- x

**DEFENDANT'S
RESPONSE TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF
DOCUMENTS**

Civil Action No. 18-cv-4249
(DRH) (SIL)

Defendants County of Nassau, Nassau County Police Department, Sergeant Michael

Dolan and Detective Frank Ruvolo collectively "County Defendants"), by their undersigned

attorney, Jared Kasschau, the Nassau County Attorney, by Jeremy J. Scileppi, Deputy County

Attorney, set forth as follows in response to Plaintiff's First Set of Interrogatories and Document

Demands:

## RESPONSE TO PLAINTIFF'S INTERROGATORIES

## PRELIMINARY STATEMENT AND OBJECTIONS

      To the extent that any responses are provided, the County Defendants recognize and will

abide by the definitions and rules of construction set forth in the Joint Civil Rules for the United

States District Courts for the Southern and Eastern Districts of New York.  Defendants are

responding to Plaintiffs' discovery requests pursuant to Federal Rules of Civil Procedure 26, 33 and/or 34 and, in answering the document production request, are interpreting words used by Plaintiffs according to their ordinary and normal meaning. The following responses are provided without prejudice to the County Defendants' rights to produce evidence of any subsequently discovered facts. County Defendants specifically reserve the right to amend, modify and/or supplement any and all responses herein as additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

By responding to any requests, the County Defendants do not admit or concede the relevance, materiality or admissibility of the information or documents sought and do not waive, but rather, expressly reserve any and all objects to admissibility on the grounds of relevance, materiality or privilege.

## INTERROGATORY NO. 1

*Did Village of Rockville Centre Police Department and Village of Rockville Centre have a rule, order, regulation, policy, practice or procedure, either written and/or verbally communicated to their police officer employees, in the year of 2016, which deals with proper police conduct and/or procedure of utilizing Electronic Control Weaponry and a police officer's service weapon? If so, provide the name of that written rule, policy and/or procedure and its identifying number or reference number.*

**RESPONSE**: This Interrogatory does not apply to the County Defendants therefore no response is necessary.

2

**INTERROGATORY NO. 2**

*If the answer to Interrogatory No.1 is "Yes", answer the following: was Defendant POLICE OFFICER ANTHONY FEDERICO aware of said rule, order, regulation, policy practice, or procedure?*

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 3**

*Did Defendant, POLICE OFFICER ANTHONY FEDERICO, conduct a traffic stop of Plaintiff on August 4, 2016, on or near Sunrise Highway and Grand Avenue in Baldwin, New York?*

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 4**

*If the answer to Interrogatory No. 3 is yes, please answer the following; state in detail what POLICE OFFICER ANTHONY FEDERICO claims was his basis to conduct a traffic stop of Plaintiff.*

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 5**

*If the answer to Interrogatory No. 3 is yes, please answer the following: state in detail the procedure and manner in which POLICE OFFICER ANTHONY FEDERICO conducted a traffic stop of Plaintiff.*

3

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 6**

*The Nassau County Case report provided to Defendants by Plaintiff, bates stamped as "Nunez 013", which details the arrest of Plaintiff on August 4, 2016, states that POLICE OFFICER ANTHONY FEDERICO "removed his service weapon and advised the defendant that he was now under arrest, to place his hands behind his back and not to move", did POLICE OFFICER ANTHONY FEDERICO remove his service weapon when commanding Plaintiff Luis A. Nunez, to place his hands behind his back and not to move? If the answer is in the negative, please specify exactly what is being denied.*

**RESPONSE:** This Interrogatory does not apply to the actions of the County Defendants therefore no response is necessary. The County Defendants also object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information and fails to specify a location or time period for the alleged conduct. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO. 7**

*If the answer to Interrogatory No. 6 is yes, please answer the following: state in detail what POLICE OFFICER ANTHONY FEDERICO claims was his basis to remove his service weapon when confronting Plaintiff.*

4

**RESPONSE:** This Interrogatory does not apply to the actions of the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 8**

*On August 4, 2016, on or near Sunrise Highway and Grand Avenue, did POLICE OFFICER ANTHONY FEDERICO secure his service weapon after having first removed the weapon to command Plaintiff to place his hands behind his back and not to move?*

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 9**

*If the answer to Interrogatory No. 8 is yes, please answer the following: did POLICE OFFICER ANTHONY FEDERICO remove his department issued Taser to command Plaintiff to obey to commands after having first secured his service weapon?*

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 10**

*If the answer to Interrogatory No. 9 is yes, please answer the following: state in detail what POLICE OFFICER ANTHONY FEDERICO claims was the basis to at first remove his service weapon when confronting Plaintiff and then to switch to his Taser to confront Plaintiff.*

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

**INTERROGATORY NO. 11**

*Is there a rule, order, regulation, policy, practice, or procedure, either written and/or verbally communicated by the Village of Rockville Centre and the Village of Rockville Centre*

5

Police Department to their police officer employees, in the year 2016, that would support an officer first removing his/her service weapon to confront a suspect and then switching to a Taser to confront the same suspect. If so, provide the name of that written rule, policy and/or procedure and its identifying number or reference number.

**RESPONSE:** This Interrogatory does not apply to the County Defendants therefore no response is necessary.

## INTERROGATORY NO. 12

Using the Traffic Camera footage provided to Defendants and bates stamped as "Nunez 215", please indicate by time stamp and/or time marker the duration of and when in the footage did Plaintiff allegedly either, run-over, hit, strike, assault, and/or injure POLICE OFFICER ANTHONY FEDERICO.

**RESPONSE:** This Interrogatory does not apply to the actions of the County Defendants therefore no response is necessary. The County Defendants also object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

## INTERROGATORY NO. 13

*If the answer to Interrogatory No. 12 indicates a time stamp and/or time marker, please answer the following: please explain in detail what the indicated time stamp and/or time marker depicts in regards to the August 4, 2016 arrest of Plaintiff.*

**RESPONSE:** This Interrogatory does not apply to the actions of the County Defendants therefore no response is necessary. The County Defendants also object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

## INTERROGATORY NO.14

*Please state in detail, what POLICE OFFICER ANTHONY FEDERICO claims in the manner in which he was injured by Plaintiff on August 4, 2016.*

**RESPONSE:** This Interrogatory does not apply to the actions of the County Defendants therefore no response is necessary. The County Defendants also object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on

7

the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

## INTERROGATORY NO. 15

*The Police Assault Case report provided to Defendants by Plaintiff, bates stamped as "Nunez 022", states that POLICE OFFICER ANTHONY FEDERICO position is that he "would like to see def [sic] serve time + [sic] a felony plea, but would forego felony to ensure serve time". Please explain in detail what POLICE OFFICER ANTHONY FEDERICO claims was his basis and rational to want Plaintiff to "serve time + a felony plea".*

**RESPONSE:** This Interrogatory does not apply to the actions of the County Defendants therefore no response is necessary. The County Defendants also object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County

8

Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO. 16**

*The Police Assault Case report provided to Defendants by Plaintiff, bates stamped as "Nunez 022", contains a question which states "Any weapons to subdue defendant? Explain (Mace/taser/baton/gun drawn)", to which an answer is provided, "pulled out taser (did not use)". The Nassau County Case report provided to Defendants by Plaintiff, bates stamped as "Nunez 013", which details the arrest of Plaintiff on August 4, 2016, states that POLICE OFFICER ANTHONY FEDERICO "removed his service weapon and advised the defendant that he was no under arrest". Please explain in detail what POLICE OFFICER ANTHONY FEDERICO claims was his reason not to include in the Police Assault Case report that he removed his service weapon to confront Plaintiff.*

**RESPONSE:** This Interrogatory does not apply to the actions of the County Defendants therefore no response is necessary. The County Defendants also object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The

9

County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO.17**

*Identify the names of any and all members of the District Attorney's Office (whether or not same is affiliated with the Nassau County DA's Office) who were involved in any aspect of the investigation of the arrest at issue in the Complaint and/or were involved in the prosecution of Plaintiff following the arrest at issue in the Complaint.*

**RESPONSE:** The County Defendants object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. A request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution of an appropriate "so ordered" confidentiality agreement. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

10

**INTERROGATORY NO. 18**

*Identify any and all individuals, persons, agencies, entities, and or establishments from which/whom Defendants collected evidence including but not limited to Plaintiff's clothing at the scene of the incident, surveillance footage, recordings, documents, statements, ballistics, materials, data, information during the investigation of the arrest alleged in the Complaint, whether or not said items collected were actually used in furtherance of the criminal prosecution of Plaintiff.*

**RESPONSE:** The County Defendants object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. A request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution of an appropriate "so ordered" confidentiality agreement. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO. 19**

*Please explain in detail what SERGEANT MICHAEL DOLAN claims was the reason and basis for him to sign the Police Accident Report, bates stamped as "Nunez 007".*

11

**RESPONSE:** The County Defendants object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. A request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution of an appropriate "so ordered" confidentiality agreement. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO. 20**

*Please explain in detail what Defendants NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, AND POLICE OFFICER ANTHONY FEDERICO claim was the reason, basis, and motivation to continue to pursue prosecution against Plaintiff for Assault in the Second Degree from August 5, 2016 through August 14, 2017.*

**RESPONSE:** The County Defendants object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County

12

Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. A request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution of an appropriate "so ordered" confidentiality agreement. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO. 21**

*If Defendants VILLAGE OF ROCKVILLE CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER ANTHONY FEDERICO, POLICE OFFICER JOHN SIRACO, JR., POLICE OFFICER JOHN MURPHY, SERGEANT MICHAEL DOLAN, and DETECTIVE FRANK A. RUVOLO had the belief that there was probable cause to arrest Plaintiff and prosecute Plaintiff for Assault in the Second Degree, explain in detail on what facts and information the Defendants relied on to formulate such a belief.*

**RESPONSE:** The County Defendants object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also

object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. A request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution of an appropriate "so ordered" confidentiality agreement. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO. 22**

*The Nassau County Case report provided to Defendants by Plaintiff bates stamped as "Nunez 013" states that the Case Report was written by "9024RCVIC", please identify the individual who authored the document by providing their full name, ranks, precinct of assignment, birth dates, social security numbers, badge numbers and serial numbers.*

**RESPONSE:** The County Defendants object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. A request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution of an appropriate "so ordered" confidentiality agreement.

14

Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**INTERROGATORY NO. 23**

*The Police Assault Case report provided to Defendants by Plaintiff, bates-stamped as "Nunez 022", does not state the author of the document, please identify the individual who authored the document by providing their full name, ranks, precinct of assignment, birth date, social security number, badge number and serial number.*

**RESPONSE:** The County Defendants object to the interrogatory as overly broad, vague, ambiguous, and improper, assumes facts and constitutes a compound request for information for the alleged conduct. County Defendants also object to this request on the basis that it potentially seeks information and documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential responses requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. The County Defendants also object that the information sought in the interrogatory is more appropriately addressed during a deposition of the participants in the event at issue. A request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution of an appropriate "so ordered" confidentiality agreement. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents.

**RESPONSES TO DOCUMENT REQUESTS**

15

**DOCUMENT REQUEST NO. 1**

*If the answer to Interrogatory No. 1 is yes, provide copies of said rule, order, regulation, policy, practice or procedure.*

**RESPONSE:** This Document request does not apply to the County Defendants therefore no response is necessary.

**DOCUMENT REQUEST NO. 2**

*If the answer to Interrogatory No. 11 is yes, provide copies of said rule, order, regulation, policy, practice or procedure.*

**RESPONSE:** This Document request does not apply to the County Defendants therefore no response is necessary.

**DOCUMENT REQUEST NO. 3**

*Provide true and accurate copies of all documents that were used to support Defendants' responses to Plaintiff's First Set of Interrogatories, and all other related documents.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

16

**DOCUMENT REQUEST NO. 4**

*Provide true and accurate copies of all documents that were used to respond to the Plaintiff's Complaint.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 5**

*Provide true and accurate copies of all personnel files of each of the Defendants POLICE OFFICER ANTHONY FEDERICO, POLICE OFFICER JOHN SIRACO, JR., POLICE OFFICER JOHN MURPHY, SERGEANT MICHAEL DOLAN, and DETECTIVE FRANK AL RUVOLO.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-

17

going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 6

*Provide all documents relating to the occurrences alleged in the Complaint, including, but not limited to:*

      a.  *Incident reports;*

      b.  *Witnesses' statements;*

      c.  *Item inventories;*

      d.  *Medical records;*

      e.  *Memo book entries;*

      f.  *Video or audio tapes;*

      g.  *Photographs, audio recordings, video recordings, and other depictions concerning the incident as set forth in the Complaint.*

      h.  *Any and all follow up treatments and evaluations, medical or otherwise, concerning the incident as set forth in the Complaint.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the

18

attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 7

*Provide all documents relating to the criminal prosecution of Plaintiff in mentioned the Complaint, including, but not limited to.*

    *a.   police reports*

    *b.   witness statements*

    *c.   investigation files, records, notes, documents, Rosario materials, etc.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive

19

information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 8

*Provide all documents relating to the criminal arrest(s) and prosecution(s) of Plaintiff, including but not limited to any and all Rosario materials, files, investigations, data, research, reports, complaints, warrants (arrest and/or search), mug-shots, criminal records/history, fingerprints, photographs, videos, audio recordings and transcripts.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation.  Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges.  Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 9

*Provide all personnel logs concerning activities of employees of the Village of Rockville Centre, Village of Rockville Centre Police Department, Nassau County, and Nassau County Police Department who were involved with the arrest, and detention of Plaintiff.*

20

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 10

*Provide all reports detailing internal disciplinary action or otherwise against Individual Defendants or any other personnel involved in the search, seizure, arrest, detention of Plaintiff.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive

21

information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 11

*Provide any and all documents, information, journals, logs, entries, compilations, notes, files, recordings, maintained by Defendants related to any and all investigations conducted by the State of New York into the actions and conduct of the defendant Police Officers involved in the arrest of Plaintiff.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are not maintained by this entity, and the County Defendants may not even be aware of any such outside agency investigations. Further, County Defendants object on the grounds that the potential documents are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 12

*Provide any and all investigations, documents, notes, memorandum, directives, orders, findings, determinations, reports and conclusions conducted by Internal Affairs and/or any*

*individuals, persons, officers, agencies charged with the responsibility to investigate the conduct of Defendant Police Officers that were involved in the search, seizure, arrest, detention of Plaintiff.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 13**

*Provide any and all complaints made by non-law enforcement and/or civilians about, related to, and/or against any of the Defendant Police Officers named in the Plaintiff's Complaint- whether or not said complaint(s) were made directly to the State of New York and/or any other government agency charged with the responsibility of investigating police conduct.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents

23

requested are not maintained by this entity, and the County Defendants may not even be aware of any such outside agency investigations. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 14

*Provide true and accurate documentation relating to each and every rule, policy, order, procedure and regulation in effect on August 4, 2016, promulgated by the Defendants, relating to search, seizure, arrest, detainment, and use of service weapons and tasers for police officers to follow.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

24

**DOCUMENT REQUEST NO. 15**

*Provide true and accurate copies of all personnel identification photographs of Defendants POLICE OFFICER ANTHONY FEDERICO, POLICE OFFICER JOHN SIRACO, JR., POLICE OFFICER JOHN MURPY, SERGEANT MICHAEL DOLAN, and DETECTIVE FRANK A. RUVOLO.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 16**

*Provide any and all 911 tapes, emergency phone calls, radio transmission tapes, central dispatch communications, any other communication made to, and/or between police officers related to Plaintiff, August 4, 2016. Provide full copies of any police and/or investigative records and reports regarding said communications.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of ongoing litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement*

25

privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 17

*Provide true and accurate copies of all personnel logs concerning activities of the members of the Defendants involved in the restraint, arrest, and detainment of Plaintiff from the incident previously set forth in the Complaint.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 18

*Provide any and all non-privileged communications, memorandum, reports, documents, emails, notices, writings etc. between any and all agents, representatives, officers, employees, and/or officials of the Defendants Village of Rockville Centre, Village of Rockville Centre Police*

26

*Department, Nassau County, and Nassau County Police Department, as related to the arrest and prosecution of Plaintiff.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 19**

*Provide any and all statements (in any form) made by any Defendants, their agents, representatives, officials, employees and/or officers related to the arrest/prosecution of Plaintiff.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive

27

information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 20**

*Provide any and all non-public statements, documents, memos, communications, writings, recordings, reports, recommendations, opinions, between Defendants, their agents, representatives, officials, employees and/or officers and Defendants' insurance carriers related to the arrest and prosecution of Plaintiff*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 21**

*Provide the entire criminal case file, docket number CR-020004-16NA, compiled and created by the Nassau County District Attorney's office in regards to the prosecution and arrest of Plaintiff.*

**RESPONSE:** County Defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad, not limited in time or scope. County

28

Defendants also object to this request on the basis that it seeks documents protected under the attorney-client privilege, attorney-work product privilege, and generated in anticipation of on-going litigation. Further, County Defendants object on the grounds that the potential documents requested are protected under the *deliberative process* privilege and/or *law enforcement* privileges. Notwithstanding and without waiving the foregoing objections County Defendants state: see annexed bates stamped documents, a request for any relevant additional responsive information has been made and upon receipt, if any, non-privileged documents will be provided pursuant to the execution and "so ordered" appropriate confidentiality agreement.

Dated: Mineola, New York
August 30, 2019

<div style="margin-left:40%">

JARED A. KASSCHAU
Nassau County Attorney

BY: _____
Jeremy J. Scileppi
Deputy County Attorney
One West Street
Mineola, New York 11566
(516) 571-3032
Attorneys for County Defendants

</div>

TO:    Frederick K. Brewington, Esq.
        556 Peninsula Boulevard
        Hempstead, New York 11550
        Attorney for the Plaintiff

cc:    William J. Croutier Jr. Esq.
        6851 Jericho Tpke. Suite 250
        Syosset, New York 11791
        Attorney for the Village of Rockville Centre

William P. Nolan, Esq.
1103 Stewart Ave. Suite 200
Garden City, New York 11530
Attorney for P.O. Anthony Federico