# HAMMILL, O'BRIEN, CROUTIER, DEMPSEY, PENDER & KOEHLER, P.C.

6851 Jericho Turnpike, Suite 250
Syosset, NY 11791
(516) 746-0707
Fax (516) 677-5475
rmoulton@hocd.com

William J. Croutier, Jr.
Wade T. Dempsey
Michael J. Pender
Richard C. Koehler
Paul D. Lawless

Anton Piotroski *
Rebecca J. Moulton
Patricia Donohoe †
Robert J. Faderl †

Of Counsel
William J. Croutier, Sr.

\* Admitted in NY and FL
† Admitted in NY and NJ

April 22, 2021

**VIA ECF**

Hon. Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:      Luis A. Nunez v. Village of Rockville Centre, et al.
    D/A:     8/4/16
    Index No.:  2:18-cv-04249-DRH-SIL
    Our File:   45-0136US

To the Honorable Denis R. Hurley:

This office represents defendants, Village of Rockville Centre, Police Officer John Siraco, Jr., and Police Officer John Murphy in the above-referenced matter. We respectfully request this Court schedule a Pre-Motion Conference regarding our office's intention to file a Federal Rule of Civil Procedure 56(a) motion seeking summary judgment dismissal of the plaintiff's claims and all cross-claims against the defendants, Village of Rockville Centre, Village of Rockville Centre Police Department, Police Officer John Siraco, Jr. and Police Officer John Murphy ((hereinafter referred to as the "Rockville Centre Defendants").

## **FACTS**

The Rockville Centre Defendants incorporate by reference the facts as outlined in County of Nassau's letter motion to the Court dated April 16, 2021. The Rockville Centre

defendants further add that Police Officers Siraco, Jr. and Murphy responded to the scene of the subject incident and secured and transported the plaintiff to the Rockville Centre Police Headquarters and Police Officer Murphy subsequently transported the plaintiff to the Nassau County First Precinct and thereafter to the Nassau County jail.

For the reasons outlined below, and which will be more fully briefed in the Rockville Centre Defendants' motion papers, all causes of action against the Rockville Centre Defendants should be dismissed.

### I. **Plaintiff's State-Law Claims Against The Rockville Centre Defendants Should Be Dismissed Under General Municipal Law § 50-e**

*General Municipal Law §50-e* requires, as a condition precedent to a lawsuit against a municipal corporation, timely service of a notice of claim on the municipal corporation (*see,* Stallworth v New York City Health & Hosps. Corp., 243 AD2d 704, 663 NYS2d 287 [2d Dept 1997]). "The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." (McLaurin v. New Rochelle Police Officers, 2005 U.S. Dist. LEXIS 11971, 373 F.Supp.2d 385 [S.D.N.Y. 2005] (citing Fincher v. County of Westchester, 979 F.Supp. 989, 1002 [S.D.N.Y. 1997]))

Here, the plaintiff served an untimely notice of claim upon the Village of Rockville Centre on September 7, 2017. The plaintiff now seeks to assert State-Law claims against the Rockville Centre Defendants. However, since the plaintiff failed to timely serve a notice of claim upon defendant, Village of Rockville Centre, the plaintiff's State-Law against the Rockville Centre defendants must be dismissed herein.

### II. **Plaintiff's §1983 Claims against the Village of Rockville Centre Should Be Dismissed as Plaintiff's Injuries Did Not Result from a Policy or Custom of the Village**

"To assert a claim against a municipality for the deprivation of constitutionally protected rights, the plaintiff must allege that the injury resulted from a policy or custom of the municipality." (*Carson v. Lewis*, 35 F.Supp.2d 250, 266, 1999 U.S. Dist. LEXIS 1144 [E.D.N.Y. 1999] (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed 2d 452 (1986))

Here, there is no evidence that the plaintiff's injuries resulted from any policy or custom of the Village of Rockville Centre, and as such, the plaintiff's §1983 claims against the Village should be dismissed.

### III. **Plaintiff's Claims Against Police Officers Siraco, Jr. and Murphy Pursuant to §1983 Should Be Dismissed as There is No Evidence to Support Them**

A. **False Arrest, Malicious Prosecution and Failure to Intervene**

"An arrest is privileged where the arresting officer had probable cause to arrest." (Id. at 434 (citing *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003); *Jenkins*, 478 F.3d at 84)) Furthermore, "probable cause can be based solely on information obtained from an alleged victim or eyewitness to a crime." (Id. at 436 (citing *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000))  "As with false arrest, 'the existence of probable cause is a complete defense to a claim for malicious prosecution in New York.'" (Id. at 441 (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (citation omitted))  "…[W]here defendants are entitled to summary judgment as to plaintiff's underlying claims under § 1983, it logically follows that defendants are entitled to summary judgment on plaintiff's failure-to-intervene claims as well." (Id. at 32 (citing *Posner v. City of New York*, No. 11-CV-4859, 2014 U.S. Dist. LEXIS 6071, 2014 WL 185880 at *8 (S.D.N.Y. Jan. 16, 2014)) [other citation omitted]

Police Officers Siraco, Jr. and Murphy had probable cause to arrest the plaintiff based upon the statements made to them by Police Officer Federico concerning the plaintiff having attempted to flee while Police Officer Federico was attempting to make a traffic stop and striking Police Officer Federico in his leg with his motorcycle while attempting to flee.  Therefore, the plaintiff's claims for false arrest, malicious prosecution and failure to intervene should be dismissed against these individual defendants.

B. **Unreasonable and Excessive Use of Force, Abuse of Process and Fabrication of Evidence**

There is no evidence that Police Officers Siraco, Jr. or Murphy used any force, much less unreasonable or excessive force against the plaintiff herein, such that the plaintiff's claims for the same must be dismissed.

There is also no evidence that Police Officer's Siraco, Jr. and Murphy used legal process to compel performance or forbearance of some act by the plaintiff, that either officer had intent to do harm without excuse or justification to the plaintiff or that either officer performed any act with respect to the plaintiff in order to obtain a collateral objective outside the legitimate ends of process.

Moreover, there is no evidence that Police Officers Siraco, Jr. and Police Officer Murphy fabricated evidence or that the plaintiff suffered any deprivation of his liberty as a result of any alleged fabricated evidence.

For all of the foregoing reasons, your affirmant respectfully requests that a pre-motion conference be scheduled before this Court at the Court's earliest convenience concerning your affirmant's request to file a motion for summary judgment dismissal of the plaintiff's State and Federal claims against the Rockville Centre Defendants pursuant to Fed. R. Civ. Pro. 56(a).

Thank you for the Court's attention to this matter. Should the Court require anything further, please contact your affirmant's office at the Court's convenience.

Very truly yours,

HAMMILL, O'BRIEN, CROUTIER,
DEMPSEY, PENDER & KOEHLER, P.C.

*Rebecca J. Moulton*

Rebecca J. Moulton, Esq.

RM8181