IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LUIS A. NUNEZ, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-04249-DRH-SIL |
| | ) | |
| VILLAGE OF ROCKVILLE CENTRE, | ) | |
| VILLAGE OF ROCKVILLE CENTRE POLICE | ) | |
| DEPARTMENT, NASSAU COUNTY, | ) | |
| NASSAU COUNTY POLICE DEPARTMENT | ) | |
| POLICE OFFICER ANTHONY FREDERICO | ) | |
| Shield No. 2645, in his individual and | ) | |
| official capacity, POLICE OFFICER JOHN | ) | |
| SIRACO, JR. Shield No. 7945, in his | ) | |
| individual and official capacity, POLICE | ) | |
| OFFICER JOHN MURPHY, Shield No. 461, in | ) | |
| his individual and official capacity, | ) | |
| SERGEANT MICHAEL DOLAN, Shield No. | ) | |
| 8483, in his individual and official capacity, | ) | |
| and DETECTIVE FRANK A. RUVOLO, Shield | ) | |
| No. 7242, in his individual and official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants, | ) | |


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, VILLAGE OF ROCKVILLE CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, POLICE OFFICER JOHN SIRACO, JR. Shield No. 7945 and POLICE OFFICER JOHN MURPHY Shield No. 461's MOTION FOR SUMMARY JUDGMENT**


Respectfully submitted

HAMMILL, O'BRIEN, CROUTIER
DEMPSEY, PENDER & KOEHLER, P.C.


By: _____

REBECCA J. MOULTON, ESQ. (8181)
Attorneys for Defendants
VILLAGE OF ROCKVILLE CENTRE, POLICE
OFFICER JOHN SIRACO, JR. Shield No. 7945,
and POLICE OFFICER JOHN MURPHY Shield
No. 461
Office & P.O. Address
6851 Jericho Turnpike, Suite 250
Syosset, New York 11791
Tel.: (516) 746-0707
Fax: (516) 677-5475
File No.: 45-0136US

# TABLE OF CONTENTS

PAGES

TABLE OF CONTENTS …...………………………………………………………iii

TABLE OF AUTHORITIES ………………………………………………….....v, vi

PRELIMINARY STATEMENT …...……………………………………….………...1

POINT I
STANDARDS ON A MOTION FOR SUMMARY JUDGMENT……….…………...2

POINT II
PLAINTIFF'S STATE-LAW CLAIMS MUST BE DISMISSED AGAINST THE ROCKVILLE CENTRE DEFENDANTS DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH NEW YORK GEN. MUN. LAW § 50-e...………………………...…………………….………4

    A. PLAINTIFF'S STATE-LAW CLAIMS AGAINST MUNICIPAL DEFENDANT VILLAGE OF ROCKVILLE CENTRE SHOULD BE DISMISSED……………………………..4

    B.  PLAINTIFF'S STATE-LAW CLAIMS AGAINST POLICE OFFICERS JOHN SIRACO, JR. AND MURPHY SHOULD BE DISMISSED……………………………………..7

POINT IIII
PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 AGAINST THE VILLAGE OF ROCKVILLE CENTRE SHOULD BE DISMISSED AS THERE IS NO EVIDENCE THE PLAINTIFF'S ALLEGED INJURIES RESULTED FROM A POLICY OR CUSTOM OF THE VILLAGE OF ROCKVILLE CENTRE.……………………………………………..8

POINT IV
PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION AGAINST THE VILLAGE OF ROCKVILLE CENTRE MUST BE DISMISSED AS THE VILLAGE OF ROCKVILLE CENTRE DID NOT PROSECUTE THE PLAINTIFF IN THIS MATTER…………………13

POINT V
PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL
ROCKVILLE CENTRE POLICE OFFICERS JOHN SIRACO, JR. AND JOHN MURPHY
MUST BE DISMISSED AS NO EVIDENCE EXISTS TO SUPPORT THE CLAIMS…….14

    A.   PLAINTIFF'S CLAIM FOR FALSE ARREST AGAINST POLICE OFFICERS
SIRACO, JR. AND MURPHY MUST BE DISMISSED…………………………………14

    B.   PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION AGAINST POLICE
OFFICERS SIRACO, JR. AND MURPHY MUST BE DISMISSED……………………17

    C.   PLAINTIFF'S CLAIM FOR UNREASONABLE AND EXCESSIVE USE OF FORCE
AGAINST POLICE OFFICERS SIRACO, JR. AND MURPHY MUST BE
DISMISSED……………………………………………………………………………18

    D.   PLAINTIFF'S CLAIM FOR ABUSE OF PROCESS AGAINST POLICE OFFICERS
SIRACO, JR. AND MURPHY SHOULD BE DISMISSED………………………………20

    E.  PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE AGAINST POLICE
OFFICERS SIRACO, JR. AND MURPHY SHOULD BE DISMISSED……………....…21

    F.   PLAINTIFF'S CLAIM FOR FABRICATION OF EVIDENCE AGAINST POLICE
OFFICERS SIRACO, JR. AND MURPHY SHOULD BE DISMISSED………………...21

POINT VI
PLAINTIFF'S CLAIMS AGAINST THE VILLAGE OF ROCKVILLE CENTRE POLICE
DEPARTMENT MUST BE DISMISSED AS IT IS NOT A SUABLE ENTITY…………...23

CONCLUSION …………………………………………………………………………..24

# TABLE OF AUTHORITIES

**Federal Rules:**                                              **Page:**

42 U.S.C. § 1983………………………………………...1, 8, 10, 12, 13, 14, 17, 19, 21, 23

Federal Rule Civil Procedure 56(a)…..………………………………………………...2

Federal Rule Civil Procedure 56(c)(1)………………………………………….………3

## FEDERAL CASES

*Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp.2d 397, 406 [E.D.N.Y. 2013]…2, 3

*Huminski v. Corsones*, 396 F.3d 53, 69 [2d Circuit 2005]...………………………………....2

*Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 [2d Cir. 2004]………..………...3

*Weyant v. Okst.*, 101 F.2d 845, 854 [2d Cir. 1996]…………………………………...3, 14, 15

*Caldarola v. Calabrese*, 298 F.3d 156, 160 [2d Cir. 2002]…………………………….........3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed.2d 538 [1986]…………………………………………………………….......................3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 [1986]……………………..……..3

*R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 [2d Cir. 1984]...………………..….3

*SEC v. Research Automation Corp.*, 585 F.2d 31, 33 [2d. Cir. 1978]…………………….3, 4

*BellSouth Telecomms, Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 [2d Cir. 1996]………3

*McLaurin v. New Rochelle Police Officers*, 03 Civ. 10037 (CM), 2005 U.S. Dist. LEXIS 11971, 373 F. Supp. 2d 385 [S.D.N.Y. 1997]…………………………………………………5, 7

*Fincher v. County of Westchester*, 979 F. Supp. 2d 989 [S.D.N.Y. 1997]…………….…..5

*Hyde v. Caputo*, 2001 U.S. Dist. LEXIS 6253, 2001 WL 521699 [E.D.N.Y. 2001]………..5

*Gonzalez v. City of New York*, 1996 U.S. Dist. LEXIS 5942, 94 Civ. 7377, 1994 WL 227824 [S.D.N.Y. May 3, 1996]…………………………………………………………………..7

*Carson v. Lewis*, 35 F. Supp. 2d 250, 1999 U.S. Dist. LEXIS 1144 [E.D.N.Y. 1999]…………………………………………………………………………8, 9, 10, 15-16

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 [1978]…………………………………………………………………………….…8

*Pembaur v. City of Cincinatti*, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 [1986].......8

*Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 [1997]……………………………………………………….…8

*Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 [1989]………………...9

*City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 [1985]………9

*Ying Jing Gan v. City of New York*, 996 F.2d 522 [2d Cir. 1993]……………………………9

*Dwares v. City of New York*, 985 F.2d 94 [2d Cir. 1993]…………………………………….…9

*Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119 [2d Cir. 1991]…………………………………9

*Covington v. City of New York*, 1998 U.S. Dist. LEXIS 6283, No. 94- Civ. 4234, 1998 WL 226183 [S.D.N.Y. May 4, 1998]……………………………………………………...……9-10

*Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 2016 U.S. Dist. LEXIS 13656 [S.D.N.Y. 2016]…………………………………………………....14, 15, 17, 18, 23

*Jenkins v. City of New York*, 478 F.3d 76 [2d Cir. 2007]……………………………………14

*Singer v. Fulton Cty. Sheriff*, 63 F.3d 110 [2d Cir. 1995]……………………………...…14, 15

*Jocks v. Tavernier*, 316 F.3d 128 [2d Cir. 2003]……………………………………….......14

*Lacey v. Daly*, 26 F. App'x 66 [2d Cir. 2001]………………………………………………15

*Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 [1967]……………………15

*Wiltshire v. Wanderman*, No. 13 Civ. 9169 (CS), 2015 U.S. Dist. LEXIS 90038, 2015 WL 4164808 [S.D.N.Y. July 10, 2015]……………………………………………………..15

*Panetta v. Crowley*, 460 F.3d 388 [2d Cir. 2006]……………………………………………15

*Martinez v. Simonetti*, 202 F.3d 625 [2d Cir. 2000]…………………………………………15

*Weiner v. McKeefery*, 90 F. Supp. 3d 17 [E.D.N.Y. 2015]…………………………………15

*Manganiello v. City of New York*, 612 F.3d 149 [2d Cir. 2010]……………………………..17

*McKay v. City of New York*, 32 F. Supp. 3d 499 [S.D.N.Y. 2014]………………………...17

*Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208 [2d Cir. 2000]……………………………...17

*Savino v. City of New York*, 331 F.3d 63, 72 [2d Cir. 2003]……………………………18, 20

*Falls v. Pitt*, 16-CV-8863 (KMK), 2021 U.S. Dist. LEXIS 58197, 2021 WL 1164185 [S.D.N.Y. March 26, 2021]……………………………………………………………………18, 19

*Usavage v. Port Auth. of N.Y. & N.J.*, 932 F. Supp. 2d 575 [S.D.N.Y. 2013]…………….18

*Jones v. Parmley*, 465 F.3d 46 [2d Cir. 2006]……………………………………………….19

*Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 [1989]…………..19

*Thomas v. Roach*, 165 F.3d 137 [2d Cir. 1999]……………………………………………..19

*Washpon v. Parr*, 561 F. Supp. 2d 394 [S.D.N.Y. 2008]……………………………………19

*Peter L. Hoffman & Lotte, LLC v. Town of Southampton*, 893 F. Supp. 2d 438 [E.D.N.Y. 2012]……………………………………………………………………………………………..20

*Cook v. Sheridan*, 41 F.3d 73 [2d Cir. 1994]…………………………………………………20

*Wiles v. City of New York*, No. 13-cv-2898 (TPG), 2016 U.S. Dist. LEXIS 148024, 2016 WL 6238609 [S.D.N.Y. Oct. 25, 2016]……………………………………………………...21

*Curley v. Village of Suffern*, 268 F.3d 65 [2d Cir. 2001]……………………………………21

*Posner v. City of New York*, No. 11-CV-4859, 2014 U.S. Dist. LEXIS 6071, 2014 WL 185880 [S.D.N.Y. Jan. 16, 2014]………………………………………………………………...21

*Luna v. City of New York*, 18 Civ. 4636 (PAE), 2019 U.S. Dist. LEXIS 135376, 2019 WL 3779420 [S.D.N.Y. Aug. 9, 2019]………………………………………………………………..21

*Jovanovic v. City of New York*, 486 F. App'x 149, 152 [2d Cir. 2012]……………………..22

*Hall v. City of White Plains*, 185 F. Supp. 2d 293 [S.D.N.Y. 2002]………………………..23

*Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214 [S.D.N.Y. 1999]………………….....23

*Santiago v. City of New York*, 06 Civ. 15508 (PKC), 2008 U.S. Dist. LEXIS 56205, 2008 WL 2854261 [S.D.N.Y. 2008]……………………………………………………………23

*Jones v. Westchester County Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d. 408, 2008 U.S. Dist. LEXIS 38128, 2008 WL 2009674 [S.D.N.Y. May 6, 2008]…………………………..23

*Hines v. City of Albany*, 542 F. Supp. 2d 218 [N.D.N.Y. 2008]……………………………23


**New York State Rules:**

General Municipal Law §50-e………………………………………………………………1, 4, 5

General Municipal Law §50-i………………………………………………………………4-5, 7

Penal Law § 120.05(3)………………………………………………………………………..16


**NEW YORK STATE CASES**

*Stallworth v. New York City Health & Hosps. Corp.*, 243 A.D.2d 704, 663 N.Y.S.2d 287 [App. Div. 2d Dept. 1997]………………………………………………………………………..5

*Laroc v. City of New York*, 46 A.D.3d 760, 847 N.Y.S.2d 677 [App. Div. 2d Dept. 2007]………………………………………………………………………..5

*Herrera v. Duncan*, 13 A.D.3d 485, 787 N.Y.S.2d 88 [App. Div. 2d Dept. 2004]…………..5

*O'Dell v. County of Livingston*, 174 A.D.3d 1307, 103 N.Y.S.3d 730 [App. Div. 4th Dept. 2019]……………………………………………………………………………………...…13

*Roche v. Vill. of Tarrytown*, 309 A.D.2d 842, 766 N.Y.S.2d 46 [App. Div. 2d Dept. 2003]……………………………………………………………………...……13

*Broughton v. State of New York*, 37 N.Y.2d 451, 335 N.E.2d 310, 373 N.Y.S.2d 87, *cert denied*, 423 U.S. 929, 96 S. Ct. 277, 46 L. Ed. 2d 257 [1975]……………………….……..14

*Swift v. City of N.Y.*, 83 N.Y. 528 [1881]……………………………………………….....23

## **PRELIMINARY STATEMENT**

The defendants, VILLAGE OF ROCKVILLE CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, POLICE OFFICER JOHN SIRACO, JR. Shield No. 7945, and POLICE OFFICER JOHN MURPHY Shield No. 461 (hereinafter referred to as "THE ROCKVILLE CENTRE DEFENDANTS") are entitled to summary judgment in this matter as the evidence herein clearly establishes the following: (1) that the plaintiff failed to timely serve a notice of claim pursuant to General Municipal Law §50-e upon the VILLAGE OF ROCKVILLE CENTRE and the plaintiff's Order to Show Cause seeking leave to serve a late notice of claim upon the VILLAGE OF ROCKVILLE CENTRE with respect to the plaintiff's State-Law claims of assault and battery, false imprisonment, false arrest, abuse of process, intentional infliction of emotional distress, and negligence was denied pursuant to the Decision and Order of the New York State Appellate Division, Second Department, such that these claims must now be dismissed against THE ROCKVILLE CENTRE DEFENDANTS; (2) that the plaintiff cannot sustain claims for false arrest, malicious prosecution, unreasonable and excessive use of force, abuse of process, failure to intervene, and fabrication of evidence brought pursuant to 42 U.S.C. § 1983 against the municipal defendant, VILLAGE OF ROCKVILLE CENTRE as the plaintiff cannot establish that the injuries allegedly sustained by him as a consequence of the alleged violation of his constitutionally protected rights resulted from a policy or custom of the VILLAGE OF ROCKVILLE CENTRE; (3) that the plaintiff cannot sustain claims for false arrest, malicious prosecution, unreasonable and excessive use of force, abuse of process, failure to intervene, and fabrication of evidence brought pursuant to 42 U.S.C. § 1983 against the individual defendants, POLICE OFFICER JOHN SIRACO, JR. and POLICE OFFICER

JOHN MURPHY as the evidence herein establishes that these individual Police Officers are not liable to the plaintiff for any of these claims; and (4) that the plaintiff cannot sustain any claims brought against the VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT as it is merely an "administrative arm" of the VILLAGE OF ROCKVILLE CENTRE which does not have a legal identity separate and apart from the municipality and cannot sue or be sued.

For all of the foregoing reasons, it is respectfully submitted that the defendants, VILLAGE OF ROCKVILLE CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, POLICE OFFICER JOHN SIRACO, JR. and POLICE OFFICER JOHN MURPHY are entitled to summary judgment as a matter of law in this matter.

## POINT I

## STANDARDS ON A MOTION FOR SUMMARY JUDGMENT

The standard for summary judgment is well settled. Pursuant to Federal Rule Civil Procedure 56(a), a Court may grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (Fed. R. Civ. P. 56(a); *Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp.2d 397, 406 [E.D.N.Y. 2013]) The moving party bears the burden of showing that he or she is entitled to summary judgment. (*Perlman*, 932 F. Supp.2d at 406, (citing *Huminski v. Corsones*, 396 F.3d 53, 69 [2d Cir. 2005])) "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that

an adverse party cannot produce admissible evidence to support the fact." (Fed. R. Civ. P. 56(c)(1))   The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" (*Perlman*, 932 F. Supp.2d at 406 (citing *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 [2d Cir. 2004] (quoting *Weyant v. Okst.*, 101 F.3d 845, 854 [2d Cir. 1996]))))

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts…[T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" (*Perlman*, 932 F. Supp.2d at 406-407 (citing *Caldarola v. Calabrese*, 298 F.3d 156, 160 [2d Cir. 2002] (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)))).   "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 [1986])   "[T]he mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment.  (*Id.* at 247-248)   "Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth 'concrete particulars' showing that a trial is needed." (*Perlman*, 932 F. Supp.2d at 407 (quoting *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)))   Therefore, it is insufficient for a party opposing a summary judgment motion to "merely assert a conclusion without supplying supporting arguments or facts." (*BellSouth Telecomms, Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 [2d Cir. 1996] (quoting *SEC v. Research Automation Corp.*, 585

F.2d 31, 33 (2d Cir. 1978)).

It is respectfully submitted that pursuant to all of the evidence in this matter, as discussed herein, the defendants, VILLAGE OF ROCKVILLE CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, POLICE OFFICER JOHN SIRACO, JR. Shield No. 7945 and POLICE OFFICER JOHN MURPHY Shield No. 461 are entitled to summary judgment as a matter of law in this matter.

## POINT II

### PLAINTIFF'S STATE-LAW CLAIMS MUST BE DISMISSED AGAINST THE ROCKVILLE CENTRE DEFENDANTS DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH NEW YORK GEN. MUN. LAW § 50-e

#### A.  PLAINTIFF'S STATE-LAW CLAIMS AGAINST MUNICIPAL DEFENDANT, VILLAGE OF ROCKVILLE CENTRE SHOULD BE DISMISSED

Plaintiff's New York State Law claims of assault and battery, false imprisonment, false arrest, abuse of process, intentional infliction of emotional distress, and negligence should be dismissed against defendant, VILLAGE OF ROCKVILLE CENTRE (hereinafter referred to as "ROCKVILLE CENTRE") based upon plaintiff's failure to timely serve a notice of claim asserting these claims against defendant, ROCKVILLE CENTRE as set forth in New York General Municipal Law §50-i (hereinafter referred to as "GML §50-i). Pursuant to GML § 50-i:

> No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district  for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district or of any officer, agent or employee thereof…..unless, (a) a notice of claim shall have been made in compliance with 50-e of this chapter……

New York General Municipal Law §50-e (hereinafter "GML §50-e") requires, as a condition precedent to a lawsuit against a municipal corporation, timely service of a notice of claim on the municipal corporation.  (See *Stallworth v. New York City Health & Hosps. Corp.*, 243 A.D.2d 704, 663 N.Y.S.2d 287 [2d Dept 1997])  "Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the defendant" (*Laroc v City of New York,* 46 A.D.3d 760, 760, 847 N.Y.S.2d 677 [App. Div. 2d Dept. 2007])  "The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." (*McLaurin v. New Rochelle Police Officers*, 03 Civ. 10037 (CM), 2005 U.S. Dist. LEXIS 11971, 373 F.Supp.2d 385 [S.D.N.Y. Jun. 9, 2005] (citing *Fincher v. County of Westchester*, 979 F. Supp. 989, 1002 [S.D.N.Y. 1997]))

The New York State and Federal Courts have repeatedly held that where a plaintiff fails to timely serve a notice of claim upon a municipal defendant pursuant to General Municipal Law § 50-e, the municipal defendant is entitled to dismissal of any New York State-Law claims asserted against it.  (See *Herrera v. Duncan*, 13 A.D.3d 485, 787 N.Y.S.2d 88 [App. Div. 2nd Dept. 2004]; *Hyde v. Caputo*, 2001 U.S. Dist. LEXIS 6253, 2001 WL 521699 [E.D.N.Y. 2001]; *McLaurin*, *supra*)

As noted in the Declaration in Support of the instant motion, herein, the plaintiff, LUIS A. NUNEZ, as a result of the subject incident which occurred on August 4, 2016 served an untimely notice of claim upon ROCKVILLE CENTRE on September 7, 2017. (See a copy of the plaintiff's notice of claim served upon ROCKVILLE CENTRE on September 7, 2017 annexed hereto as Exhibit "N")  Thereafter, the plaintiff filed an Order to Show Cause in Supreme Court, Nassau County seeking leave to serve a late

notice of claim upon the ROCKVILLE CENTRE to assert state-law claims for assault and battery, false imprisonment, false arrest, abuse of process, intentional infliction of emotional distress, malicious prosecution, and negligence, which was originally granted by Order of Hon. Bruce R. Cozzens, Jr.

Thereafter, upon appeal to the New York State Appellate Division, Second Department, that portion of Hon. R. Bruce Cozzens, Jr.'s Order granting plaintiff's Order to Show Cause for leave to serve a late notice of claim upon ROCKVILLE CENTRE regarding his State-Law claims of assault and battery, false imprisonment, false arrest, abuse of process, intentional infliction of emotional distress, and negligence was reversed. (See a copy of the Decision and Order of the New York State Appellate Division, Second Department dated October 30, 2019 annexed hereto as Exhibit "M")  Only that portion of Hon. R. Bruce Cozzens. Jr's Order granting the plaintiff's Order to Show Cause to deem the notice of claim as served *nunc pro tunc* upon the ROCKVILLE CENTRE with respect to the plaintiff's State-Law Claim of malicious prosecution was upheld as the plaintiff's originally served notice of claim was not untimely with respect to that claim.  (Id.)

In his Amended Summons and Complaint, the plaintiff now seeks to assert State-Law claims for assault and battery, false imprisonment, false arrest, abuse of process, intentional infliction of emotional distress, and negligence against the ROCKVILLE CENTRE DEFENDANTs, including ROCKVILLE CENTRE.  However, since the plaintiff failed to timely serve a notice of claim upon defendant, ROCKVILLE CENTRE, and his application in the State Courts for leave to serve an untimely notice of claim concerning these claims was disallowed, it is respectfully submitted that the plaintiff's State-Law Claims for assault and battery, false imprisonment, false arrest, abuse of process,

intentional infliction of emotional distress, and negligence must be dismissed herein.

It should be noted that despite the fact that the Appellate Division, Second Department allowed the plaintiff's malicious prosecution claim to remain viable, the plaintiff does not assert a State-Law Claim for malicious prosecution against any of the ROCKVILLE CENTRE defendants, including ROCKVILLE CENTRE in this matter.

Based upon all of the foregoing, it is respectfully submitted that ROCKVILLE CENTRE is entitled to dismissal of all of the State-Law claims asserted against it by the plaintiff in this matter.

### B. PLAINTIFF'S STATE-LAW CLAIMS AGAINST POLICE OFFICERS JOHN SIRACO, JR. AND JOHN MURPHY SHOULD BE DISMISSED

It is respectfully submitted that pursuant to the above analysis, plaintiff's New York State-Law claims for assault and battery, false imprisonment, false arrest, abuse of process, intentional infliction of emotional distress, and negligence should also be dismissed against POLICE OFFICERS JOHN SIRACO, JR. and JOHN MURPHY based upon the plaintiff's failure to timely serve a notice of claim upon ROCKVILLE CENTRE as the employer of these individual Police Officers.

As noted in *McLaurin v. New Rochelle Police Officers*, 03 Civ. 10037 (CM), 2005 U.S. Dist. LEXIS 11971, 373 F.Supp.2d 385 [S.D.N.Y. Jun. 9, 2005], "[t]he provisions of N.Y. Gen. Mun. Law § 50-i apply not only to claims against municipalities, but also to suits against 'officer[s], agent[s], or employee[s]' whose conduct caused the alleged injury." (*McLaurin*, *supra* at 43 (citing *Gonzalez v. City of New York*, 1996 U.S. Dist. LEXIS 5942, 94 Civ. 7377, 1996 WL 227824, at *2 (S.D.N.Y. May 3, 1996))

Based upon the foregoing, it is respectfully submitted that POLICE OFFICERS

JOHN SIRACO, JR. and JOHN MURPHY are entitled to dismissal of all of the State-Law claims asserted against them by the plaintiff in this matter.

<u>POINT III</u>

**<u>PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 AGAINST THE VILLAGE OF ROCKVILLE CENTRE SHOULD BE DISMISSED AS THERE IS NO EVIDENCE THE PLAINTIFF'S ALLEGED INJURIES RESULTED FROM A POLICY OR CUSTOM OF THE VILLAGE OF ROCKVILLE CENTRE</u>**

It is respectfully submitted that the plaintiff's claims made pursuant to 42 U.S.C. § 1983 against the municipal defendant, ROCKVILLE CENTRE, should be dismissed as there is no evidence that the plaintiff's alleged deprivation of constitutionally protected rights and the attendant alleged injuries   therefrom resulted from a policy or custom of the defendant, ROCKVILLE CENTRE herein.

"To assert a claim against a municipality for the deprivation of constitutionally protected rights, the plaintiff must allege that the injury resulted from a policy or custom of the municipality." (*Carson v. Lewis*, 35 F.Supp.2d 250, 266, 1999 U.S. Dist. LEXIS 1144 [E.D.N.Y. 1999] (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); *Pembaur v. City of Cincinatti*, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed 2d 452 (1986)) "'Congress did not intend to impose liability on a municipality unless deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights.'" (<u>Id</u>. at 266 (quoting *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1386, 137 L. Ed. 2d 626 (1997) (quoting *Monell*, 436 U.S.at 692, 98 S. Ct. at 2027)))

"A plaintiff will not prevail against a municipality on a theory of respondeat superior or vicarious liability." (<u>Id</u>. at  266 (citing *Monell*, 436 U.S. at 692-64, 98 S. Ct. at 2036-37)) "Thus, 'where a plaintiff claims that the municipality has not directly inflicted an injury, but

nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees.'" (Id. at 266 (quoting *Brian County*, 117 S. Ct at 1389 (citing *Canton v. Harris*, 489 U.S. 378, 391-92, 109 S. Ct. 1197, 1206-07, 103 L. Ed. 2d 412 (1989))) "'At the very least, there must be an affirmative link between the policy and particular constitutional violation alleged.'' (Id. at 266 (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 2436, 85 L. Ed 2d 791 (1985))) "Therefore, absent an officially adopted rule or an action directly attributable to a municipal policymaker, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell…*'" (Id. at 266 (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. at 823-24, 105 S. Ct. at 2436))

"Plaintiffs must allege 'facts to support their contention that the challenged actions were in any way related to a custom or policy promulgated by the [municipality].'" (Id. at 266 (quoting *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 [2d Cir. 1993])) "Additionally, conclusory allegations of misconduct are not sufficient evidence of municipal policy or custom." (Id. at 266 (citing *Dwares v. City of New York*, 985 F.2d 94, 100 [2d Cir. 1993] (the "mere assertion…that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference"); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 124 [2d Cir. 1991] ("an allegation of municipal policy or custom would be insufficient if wholly conclusory")))

"Bald accusations, whether individually directed or in the form of broad sweeping institutional indictments, have no evidentiary value absent sworn affidavits providing factual support." (Id. at 276 (citing *Covington v. City of New York*, 1998 U.S. Dist. LEXIS

6283, No. 94- Civ. 4234, 1998 WL 226183, at *4 (S.D.N.Y. May 4, 1998) (dismissing claim based on numerous conclusory allegations of municipal liability absent factual probative support))

A "sole complaint cannot suffice to establish a policy or practice in a municipality" sufficient to support a *Monell* claim. (Id. at 276-268)

In his Amended Complaint, the plaintiff herein asserts claims pursuant to 42 U.S.C. § 1983 for false arrest, malicious prosecution, unreasonable and excessive use of force, abuse of process, failure to intervene, and fabrication of evidence against the municipal defendant, ROCKVILLE CENTRE.   In support of these claims, the plaintiff alleges that "VILLAGE OF ROCKVILLE CENTRE is liable for the false arrest, abuse of process and attack on [the plaintiff] by POLICE OFFICER ANTHONY FEDERICO, an employee of Defendant because the VILLAGE OF ROCKVILLE CENTRE has abused, condoned, and permitted a pattern of abuse of process of minority persons and has failed to properly investigate such incidents and discipline the officer involved with the result that police officers of the VILLAGE OF ROCKVILLE CENTRE are encouraged to believe that they could violate the rights of persons such as the plaintiff with impunity and that the VILLAGE OF ROCKVILLE CENTRE has and continues to act in violation of individual rights, constituted through their actions and policy." (See plaintiff's Amended Complaint annexed hereto as Exhibit "D" at ¶ 5)

Plaintiff further alleges therein that "[u]pon information and belief, such seizure, arrest, detention, and assault was ordered, condoned and authorized by Defendant P.O. FEDERICO, RCPD, NCPD, VILLAGE [OF ROCKVILLE CENTRE] and COUNTY, with a callous, deliberate indifference to Plaintiff's known constitutional rights." (Id. at ¶ 65)

Plaintiff further alleges that "[e]ach of the Defendants acting under color of law, acted separately and in concert and without authorization of law. Each of the Defendants, separately and in concert with each other, acted willfully, knowingly and purposely with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment. In addition, the Defendants acted in an effort to cover up P.O. FEDERICO's unjustifiable actions." (Id. at ¶ 69)

Plaintiff further alleges that "[t]he Defendants, VILLAGE and COUNTY had knowledge of the inaccuracy and/or falsity of the criminal complaint made by Defendant P.O. FEDERICO, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff." (Id. at ¶ 121)

Other than these wholly conclusory assertions, it is respectfully submitted that a review of the evidence herein, including the deposition transcripts of the parties, reveals that there has been no evidence adduced herein concerning any policy or custom of defendant, ROCKVILLE CENTRE that resulted in any injury to the plaintiff herein.

Specifically, there has been absolutely no evidence adduced in this matter concerning ROCKVILLE CENTRE's alleged abuse or pattern of abuse of process of "minority persons" as alleged by the plaintiff in ¶ 5 of his Amended Complaint herein. The plaintiff specifically testified that he had never been stopped by any other Police Officers in ROCKVILLE CENTRE prior to the subject incident. (See plaintiff's 50-h hearing transcript annexed hereto as Exhibit "O" at pg. 151)

Furthermore, there is no evidence that ROCKVILLE CENTRE has failed to properly

investigate any incidents involving minority persons or failed to properly discipline any officers involved in any such incidents involving minority persons as alleged by the plaintiff in ¶ 5 of his Amended Complaint herein.

There is also no evidence of any policy or custom of ROCKVILLE CENTRE to be "callous" or have "deliberate indifference" to the Plaintiff's known constitutional rights" as alleged by the plaintiff in ¶ 65 of his Amended Complaint.

Furthermore, there is no evidence that ROCKVILLE CENTRE had a policy or custom to, "separately and in concert with [the other defendants], acted willfully, knowingly and purposely with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment" or to "act[ ] in an effort to cover up P.O. FEDERICO's unjustifiable actions" as alleged in ¶ 69 of the plaintiff's Amended Complaint.

Finally, there is no evidence herein that ROCKVILLE CENTRE had a policy or custom which led to the filing of an allegedly false, inaccurate, and/or misleading criminal complaint against the Plaintiff, as alleged by the Plaintiff in ¶ 121 of his Amended Complaint herein.

It is respectfully submitted that since there is no evidence of any policy or custom of ROCKVILLE CENTRE which resulted in the plaintiff's injuries herein, the plaintiff's claims against ROCKVILLE CENTRE pursuant to 42 U.S.C. § 1983 for false arrest, malicious prosecution, unreasonable and excessive use of force, abuse of process, failure to intervene, and fabrication of evidence should be dismissed in their entirety.

**PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION AGAINST THE VILLAGE OF ROCKVILLE CENTRE MUST BE DISMISSED AS THE VILLAGE OF ROCKVILLE CENTRE DID NOT PROSECUTE THE PLAINTIFF IN THIS MATTER**

Even assuming the plaintiff did set forth evidence of a policy or custom of defendant, ROCKVILLE CENTRE that led to the plaintiff being maliciously prosecuted as a result of the subject incident, it is respectfully submitted that defendant, ROCKVILLE CENTRE would still be entitled to dismissal of the plaintiff's claim pursuant to 42 U.S.C. § 1983 for malicious prosecution as defendant, ROCKVILLE CENTRE did not prosecute the plaintiff herein.

The New York Courts have consistently held that a municipal defendant which does not actually prosecute a plaintiff cannot be held liable for malicious prosecution. (See *O'Dell v. County of Livingston*, 174 A.D.3d 1307, 1308, 103 N.Y.S.3d 730 [App. Div. 4th Dept. 2019]; See also *Roche v. Vill. of Tarrytown*, 309 A.D.2d 842, 843, 766 N.Y.S.2d 46 [App. Div. 2d Dept. 2003])

There is no dispute that the NASSAU COUNTY DISTRICT ATTORNEY'S office, and not the defendant, ROCKVILLE CENTRE, prosecuted the plaintiff in this matter.

Therefore, it is respectfully submitted that the plaintiff's claim for malicious prosecution pursuant to 42 U.S.C. § 1983 must be dismissed as against the defendant, ROCKVILLE CENTRE.

**PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL ROCKVILLE CENTRE POLICE OFFICERS JOHN SIRACO, JR. AND JOHN MURPHY MUST BE DISMISSED AS NO EVIDENCE EXISTS TO SUPPORT THE CLAIMS**

### A. PLAINTIFF'S CLAIM FOR FALSE ARREST AGAINST POLICE OFFICERS SIRACO, JR. AND MURPHY MUST BE DISMISSED

"'A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law.'" (*Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 434, 2016 U.S. Dist. LEXIS 13656 [S.D.N.Y. 2016] (quoting *Weyant v. Okst*, 101 F. 3d 845, 852 (2d Cir. 1996), *cert. denied*, 528 U.S. 946 (1999) (internal citations omitted); *accord Jenkins v. City of New York*, 478 F.3d 76, 84 (2d. Cir. 2007))) "Under New York Law, a plaintiff bringing a claim for false arrest must show that ' (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" (Id. at 454 (quoting *Singer v. Fulton Cty. Sheriff,* 63 F.3d 110, 118 (2d. Cir. 1995) (quoting *Broughton v. State of New York*, 37 N.Y.2d 451, 456, 335 N.E.2d 310, 373 N.Y.S.2d 87, *cert. denied*, 423 U.S. 929, 96 S. Ct. 277, 46 L. Ed. 2d 257 (1975)))

"An arrest is privileged where the arresting officer had probable cause to arrest." (Id. at 434 (citing *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003); *Jenkins*, 478 F.3d at 84 ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." (internal quotation marks and citation omitted))) "Probable cause exists 'when the arresting officer has knowledge or reasonably trustworthy information sufficient

to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" (Id. at 435 (quoting *Lacey v. Daly*, 26 F. App'x 66, 67 (2d Cir. 2001) (quoting *Singer*, 63 F.3d at 119) (internal quotation marks omitted))) "The validity of an arrest does not depend on an ultimate finding of guilt or innocence. (Id. at 435 (citing *Pierson v. Ray*, 386 U.S. 547, 555, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *Wiltshire v. Wanderman*, No. 13 Civ. 9169 (CS), 2015 U.S. Dist. LEXIS 90038, 2015 WL 4164808, at *3 (S.D.N.Y. July 10, 2015) (that charges were later dropped is "irrelevant" to question of whether probable cause existed at time of arrest)) "Rather, '[w]hen determining whether probable cause exists courts must consider those facts *available to the office* at the time of the arrest.'" (Id. at 435 (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citation omitted) (emphasis in *Crowley*) "The Court may determine, as a matter of law, whether probable cause existed where there is no dispute as to the pertinent events and the knowledge of the arresting officers." (Id. at 435 (citing *Weyant*, 101 F.3d at 852))

Furthermore, "probable cause can be based solely on information obtained from an alleged victim or eyewitness to a crime." (Id. at 436 (citing *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)) Moreover, "'[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.'" (Id. at 436 (citing *Weiner v. McKeefery*, 90 F. Supp. 3d 17, 33 (E.D.N.Y. 2015))

Moreover, "[u]nder New York's 'fellow officer rule' 'an arresting officer is deemed to act with probable cause when making an arrest at the direction of another law enforcement officer who has the requisite probable cause.'" (*Carson v. Lewis*, 35 F. Supp.

2d 250, 261, 1999 U.S. Dist. LEXIS 1144 [E.D.N.Y. 1999])

Herein, the plaintiff was arrested for assault in the second degree under Penal Law § 120.05(3) which provides as follows: "A person is guilty of assault in the second degree when…3. With intent to prevent a…police officer…from performing a lawful duty…he or she causes physical injury to such…police officer…"

Here, the evidence establishes that POLICE OFFICERS SIRACO, JR. and MURPHY had probable cause to arrest the plaintiff on the date of the incident based upon the statements made by POLICE OFFICER FEDERICO that the plaintiff had struck him with his motorcycle and injured him while POLICE OFFICER FEDERICO was attempting to make a motor vehicle stop of the plaintiff, which acts constituted probable cause for arrest pursuant to Penal Law § 120.05(3) as noted above.

Specifically, POLICE OFFICER MURPHY testified that at the scene of the incident, prior to transporting the plaintiff to Rockville Centre Police Headquarters, he was told by POLICE OFFICE FEDERICO that while he was attempting to stop the plaintiff for speeding and weaving in and out of traffic, the plaintiff had attempted to run POLICE OFFICER FEDERICO over and POLICE OFFICER FEDERICO had sustained an injury on his leg. (See Exhibit "T" annexed hereto at pgs. 34-35, 40-41)

Moreover, POLICE OFFICER SIRACO, JR. was informed by another police officer when he arrived on the scene of the subject incident that the plaintiff was being placed under arrest, so POLICE OFFICER SIRACO, JR. transported the plaintiff back to the Rockville Centre Police Headquarters. (See Exhibit "R" annexed hereto at pgs. 45) POLICE OFFICER SIRACO, JR. did not have any involvement in either assisting or investigating the plaintiff's case other than transporting him back to the Rockville Centre

Police headquarters that evening. (Id. at pgs. 85, 92-93) Pursuant to the "fellow officer rule", POLICE OFFICER SIRACO, JR. was justified in detaining and transporting the plaintiff back to the Rockville Centre Police Headquarters as POLICE OFFICER MURPHY had probable cause to arrest the plaintiff based upon POLICE OFFICER FEDERICO's statements concerning the plaintiff striking him with his motorcycle when he attempted to complete a traffic stop of the plaintiff.

For all of the foregoing reasons, the plaintiff's claims pursuant to 42 U.S.C. § 1983 for false arrest against POLICE OFFICERS SIRACO JR. and MURPHY must be dismissed.

**B.      PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION AGAINST POLICE OFFICERS SIRACO, JR. AND MURPHY MUST BE DISMISSED**

"To succeed on a malicious prosecution claim under § 1983, a plaintiff must establish the elements of a malicious prosecution claim under New York state law, as well as a violation of his rights under the Fourth Amendment." (*Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d at 441 (citing *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)) "Accordingly, the plaintiff must show that: (1) the defendant commenced or continued a criminal proceeding against the plaintiff; (2) the proceeding was terminated in the plaintiff's favor; (3) there was no probable cause for commencing the proceeding; (4) the proceeding was instituted with 'actual malice'; and (5) there was a post-arraignment liberty restraint sufficient to implicate the plaintiff's Fourth Amendment rights." (Id. at 441 (citing *McKay v. City of New York*, 32 F. Supp. 3d 499 511 (S.D.N.Y. 2014) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (internal quotation marks omitted))) [(other citations omitted] "As with false arrest, 'the existence of probable cause is a complete defense to a claim for malicious prosecution in New York.'"

(Id. at 441 (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (citation omitted))

As noted above, probable cause existed for the detainment and transportation of the plaintiff back to Rockville Centre Police Headquarters by POLICE OFFICER SIRACO, JR. and to the other Nassau County Precincts in this matter by POLICE OFFICER MURPHY such that the plaintiff's malicious prosecution claim asserted against these individual defendants should be dismissed.

**C.    PLAINTIFF'S CLAIM FOR UNREASONABLE AND EXCESSIVE USE OF FORCE AGAINST POLICE OFFICERS SIRACO, JR. AND MURPHY MUST BE DISMISSED**

To the extent that the plaintiff asserts a claim for unreasonable and excessive use of force against POLICE OFFICER SIRACO, JR. and MURPHY, which is unclear from a review of the plaintiff's Amended Complaint, it is respectfully submitted that based upon the evidence herein, such a claim cannot be sustained by the plaintiff against POLICE OFFICERS SIRACO, JR. and MURPHY.

"'Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen [are] analyzed under the Fourth Amendment and its reasonableness standard." (*Falls v. Pitt*, 16-CV-8863 (KMK), 2021 U.S. Dist. LEXIS 58197, at *38, 2021 WL 1164185 [S.D.N.Y. March 26, 2021] (quoting *Usavage v. Port Auth. of N.Y. & N.J.*, 932 F. Supp. 2d 575, 591 (S.D.N.Y. 2013) (citation, alteration and quotation marks omitted)))  "'When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively reasonable 'in light of the facts and circumstances confronting them, without regard to [the officers']

underlying intent or motivation.'"" (Id. at 39 (quoting *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (alteration in original) (quoting *Graham*, 490 U.S. at 397))) "To evaluate the reasonableness of an officer's conduct, a court should 'consider the facts and circumstances of each particular case, including the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade arrest.'" (Id. at 39 (quoting *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999)) "'Additionally, on an excessive force claim a plaintiff must present sufficient evidence to establish that the alleged use of force is objective sufficiently serious or harmful enough to be actionable.'" (Id. at 39 (quoting *Washpon v. Parr*, 561 F. Supp. 2d 394, 405 (S.D.N.Y. 2008) (citation and quotation marks omitted)

Here, the only "force" used by POLICE OFFICER SIRACO, JR. was lifting the plaintiff off of the ground, removing the plaintiff's helmet, cutting the plaintiff's backpack straps, placing the plaintiff in the back of POLICE OFFICER SIRACO, JR.'s police SUV for transport, and holding his arm to escort him from the police vehicle into the Rockville Centre Police Headquarters. (See Exhibit "O" at pgs. 115, 116, 119; See also Exhibit "R" at pgs. 41, 42-43, 44-45, 46, 48)

Furthermore, the evidence establishes that POLICE OFFICER MURPHY did not have any physical contact with the plaintiff at any time, as the plaintiff was already in the back of POLICE OFFICER SIRACO, JR's police vehicle when he arrived at the scene. (See Exhibit "T" annexed hereto at pgs. 34)

Moreover, the plaintiff's own testimony establishes that POLICE OFFICER SIRACO, JR. was "very respectful to him" and that the Rockville Centre Police Officers who arrived on the scene of the incident all treated him with respect and he does not have

any problem with any of those officers.  (See Exhibit "O" at pgs. 115, 142-143)

Based upon all of the foregoing, it is respectfully submitted that the plaintiff cannot sustain a claim for unreasonable or excessive use of force against POLICE OFFICERS SIRACO, JR. and MURPHY in this matter, and as such, this claim should be dismissed as against these defendants.

### D.    PLAINTIFF'S CLAIM FOR ABUSE OF PROCESS AGAINST POLICE OFFICER SIRACO, JR. AND MURPHY SHOULD BE DISMISSED

"In order to establish liability for malicious abuse of process under § 1983, a plaintiff must establish the claim's elements under state law as well as a deprivation of a constitutional right." (*Peter L. Hoffman & Lotte, LLC v. Town of Southampton*, 893 F. Supp. 2d 438, 446 [E.D.N.Y. 2012] (citing *Cook v. Sheridan*, 41 F.3d 73, 79-89 (2d Cir. 1994))  "A plaintiff may assert a malicious abuse of process claim where a defendant: ""'employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'"" (Id. at 446 (quoting *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (quoting *Cook*, 41 F.3d at 80) [other citations omitted])

Here, there is absolutely no evidence to support a claim for malicious abuse of process against POLICE OFFICERS SIRACO, JR. and MURPHY as there is no evidence that either officer used legal process to compel performance or forbearance of some act by the plaintiff, that either officer had intent to do harm without excuse or justification to the plaintiff or that either officer performed any act with respect to the plaintiff in order to obtain a collateral objective outside the legitimate ends of process.

For all of the foregoing reasons, the plaintiff's claim for abuse of process pursuant

to § 1983 against POLICE OFFICERS SIRACO, JR. and MURPHY should be dismissed.

**E.     PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE AGAINST POLICE OFFICERS SIRACO, JR. AND MURPHY SHOULD BE DISMISSED**

"The Second Circuit has recognized that 'law enforcement officials have an affirmative duty to intervene to protect against the infringement of constitutional rights from conduct committed by other officers in their presence.'" (*Wiles v. City of New York*, No. 13-cv-2898 (TPG), 2016 U.S. Dist. LEXIS 148024, at *32, 2016 WL 6238609 [S.D.N.Y. Oct. 25, 2016] (quoting *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001))  "However, where defendants are entitled to summary judgment as to plaintiff's underlying claims under § 1983, it logically follows that defendants are entitled to summary judgment on plaintiff's failure-to-intervene claims as well." (Id. at 32 (citing *Posner v. City of New York*, No. 11-CV-4859, 2014 U.S. Dist. LEXIS 6071, 2014 WL 185880 at *8 (S.D.N.Y. Jan. 16, 2014)) [other citation omitted]

Here, since POLICE OFFICERS SIRACO, JR. and MURPHY have established their entitlement to summary judgment dismissal of the remaining § 1983 claims asserted by the plaintiff against them herein, plaintiff's claim for failure-to-intervene should likewise be dismissed against these defendants.

**F.     PLAINTIFF'S CLAIM FOR FABRICATION OF EVIDENCE AGAINST POLICE OFFICERS SIRACO, JR. AND MURPHY SHOULD BE DISMISSED**

"To establish a constitutional violation based on the fabrication of evidence, a plaintiff must show that 'an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.'" (*Luna v. City of New York*, 18 Civ. 4636 (PAE), 2019 U.S. Dist. LEXIS 135376, 2019 WL 3779420 [S.D.N.Y. Aug. 9, 2019] (quoting

*Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012))

Here, there is no evidence that either POLICE OFFICER SIRACO, JR. or POLICE OFFICER MURPHY fabricated evidence or that the plaintiff suffered any deprivation of his liberty as a result of any alleged fabricated evidence. In his Amended Complaint, the plaintiff claims that POLICE OFFICER MURPHY "falsely signed the Supporting Deposition/Bill of Particulars claiming he was the Issuing/Arresting Office despite his awareness that P.O. FEDERICO was in fact the arresting officer." (See plaintiff's Amended Complaint annexed hereto as <u>Exhibit "D"</u> at ¶ 148) Plaintiff further claims that "[t]his was a blatant attempt by P.O. MURPHY to conceal the wrongdoing of P.O. FEDERICO, which further contributed to the false and malicious prosecution of [the plaintiff]." (<u>Id</u>. at ¶ 148)

However, POLICE OFFICER MURPHY specifically testified that he signed the arrest paperwork pertaining to the plaintiff's arrest for aggravated unlicensed operation of a motor vehicle based upon reviewing the eJustice print-out which confirmed that the plaintiff, did, in fact, have a suspended drivers' license at the time of the subject incident. (See <u>Exhibit "T"</u> at pgs. 68-77) There was nothing about the paperwork that was fabricated, as the same was based upon the plaintiff's own driving record maintained in the e-justice system. (<u>Id</u>. at pgs. 68-77) This information was also confirmed by the plaintiff during his Gen. Mun. Law § 50-h Claim Hearing and deposition when the plaintiff admitted that at the time of the subject incident, he did not have a valid New York State drivers' license as the same had been suspended as a result of multiple outstanding and unpaid tickets that had been issued to him for unlicensed operation of a motor vehicle. (See <u>Exhibit "O"</u> at pgs. 21-24, 26-27, 45-47; See also <u>Exhibit "P"</u> at pgs. 28-29, 34, 37)

Finally, the plaintiff testified that his only basis for asserting a fabrication of evidence

claim against any of the officers herein is that once, in Court, the Judge read the name of the arresting officer as POLICE OFFICER MURPHY instead of POLICE OFFICER ANTHONY FEDERICO. (Id. at pgs. 95-96)

Based upon all of the foregoing, it is respectfully submitted that the plaintiff's claim pursuant to § 1983 for fabrication of evidence asserted against POLICE OFFICERS SIRACO, JR. and MURPHY should be dismissed.

## POINT VI

## PLAINTIFF'S CLAIMS AGAINST THE VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT MUST BE DISMISSED AS IT IS NOT A SUABLE ENTITY

The New York and Federal Courts have repeatedly held that police departments are merely "administrative arms" of the municipality they service that do not have a legal identity separate and apart from the municipality and cannot sue or be sued in their own name. (*Simpson v. Town of Warwick Police Dep't*, 13 Civ. 2854 (PAE), 159 F. Supp. 3d 419, 2016 U.S. Dist. LEXIS 13656 [S.D.N.Y. Feb. 4, 2016] (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999); See also *Santiago v. City of New York*, 06 Civ. 15508 (PKC), 2008 U.S. Dist. LEXIS 56205, 2008 WL 2854261, at *6 [S.D.N.Y. 2008] (citing *Hall v. City of White Plains*, *supra*; *Jones v. Westchester County Dep't of Corrs. Med. Dep't*, 557 F. Supp. 2d 408, 2008 U.S. Dist. LEXIS 38128, 2008 WL 2009674, *7 n.4 (S.D.N.Y. May 6, 2008); *Swift v. City of N.Y.*, 83 N.Y. 528, 535 (1881); *Polite v. Town of Clarkstown*, *supra*; *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008))

Herein, the VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT is sued as a separate entity by the plaintiff, but it is merely an "administrative arm" of the VILLAGE OF ROCKVILLE CENTRE without its only legal identity separate and apart from the

VILLAGE OF ROCKVILLE CENTRE.  Therefore, the VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT cannot sue or be sued in its own name, and the plaintiff's claims and all cross-claims asserted against it herein should be dismissed.

## **CONCLUSION**

Based on all the foregoing, it is respectfully submitted that the motion made by defendants, VILLAGE OF ROCKVILLE CENTRE, VILLAGE OF ROCKVILLE CENTRE POLICE DEPARTMENT, POLICE OFFICER JOHN SIRACO, JR. and POLICE OFFICER MURPHY pursuant to Fed. R. Civ. Proc. 56(a) should be granted in its entirety and the plaintiff's Complaint and all cross-claims should be dismissed against these defendants.

Dated:  Syosset, New York
       April 21, 2021

                      Respectfully submitted,

                      HAMMILL, O'BRIEN, CROUTIER
                      DEMPSEY, PENDER & KOEHLER, P.C.

                    By:   *Rebecca J. Moulton*
                      REBECCA J. MOULTON, ESQ. (8181)